UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DONALD HEIMSTAEDT and TODD KORTE,           Case No.: 07CIV9389

        Plaintiffs,                                **ANSWER OF**
                                                                              **DEFENDANT**
-against-                                                                     **GEORGE KOUTSOS**
                                                                              **i/n/a GEORGE KOUTSSOS**
PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,        (Rakoff, J)
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(k) PROFIT
SHARING PLAN,

        Defendants.
------------------------------------------------------------------------X

      Defendant, George Koutsos i/n/a George Koutssos ("Koutsos"), by his attorneys, Arthur J. Semetis, P.C., answers the Complaint (the "Complaint"), upon information and belief, as follows:

### AS AND FOR A RESPONSE TO THE INTRODUCTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

### AS AND FOR A RESPONSE TO JURISDICTION AND VENUE

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 2 and 3 of the Complaint.

### AS AND FOR A RESPONSE TO THE PARTIES

    3.    Admits the truth of the allegations set forth in paragraphs 4 and 5 of the Complaint that Heimstaedt and Korte were employees of defendant Prem.Air Group of New

York LLC f/k/a McQuay New York LLC, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of paragraphs 4 and 5 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 6, 11 and 12 of the Complaint.

5. Admits the truth of the allegations set forth in paragraph 7 of the Complaint.

6. Admits the truth of the allegations set forth in paragraph 8 of the Complaint that McQuay New York, LLC is now known as Prem.Air Group of New York, LLC, is a New York limited liability company, maintains its place of business at 43-24 21st Street, Long Island City, New York 11101, and that Prem.Air Group of New York LLC f/k/a McQuay New York LLC is engaged in the business of selling, distributing, servicing and installing HVAC products manufactured by McQuay International and providing HVAC services in the metropolitan New York, Westchester and Long Island area, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 8 of the Complaint.

7. With respect to paragraph 9 of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations that defendant Plan is an "employee welfare benefit plan" within the meaning of ERISA 29 U.S.C. § 1002 (i), admits that the Plan Administrator and Plan Sponsor has been Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, and admits the truth of the remainder of the allegations set forth in paragraph 9 of the Complaint.

8. With respect to the allegations set forth in paragraph 10 of the Complaint, admits that Koutsos is a member, officer and director of Prem.Air Group of New York, LLC f/k/a

McQuay New York LLC, and Prem.Air Group LLC, and a trustee of the Plan, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations of paragraph 11 of the Complaint.

## AS AND FOR A RESPONSE TO THE
## FACTS COMMON TO ALL COUNTS

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, 14, 15, 16, 17, 20, 21 and 26 of the Complaint.

10. Denies the truth of the allegations set forth in paragraphs 18, 19, 22, 23, 24, 25, 27, 28, 29, 30, 31 and 32 of the Complaint.

## AS AND FOR A RESPONSE
## TO COUNT I

11. In response to paragraph 33 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 34, 35, 36 and 37 of the Complaint.

13. Denies the truth of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Complaint.

**AS AND FOR A RESPONSE**
**TO COUNT II**

14. In response to paragraph 44 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

16. Denies the truth of the allegations set forth in paragraphs 46, 47 and 48 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 46, 47 and 48 of the Complaint.

**AS AND FOR A RESPONSE**
**TO COUNT III**

17. In response to paragraph 49 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 and 51 of the Complaint.

19. Denies the truth of the allegations set forth in paragraphs 52, 53 and 54 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 52, 53 and 54 of the Complaint.

**AS AND FOR A RESPONSE**
**TO COUNT IV**

20. In response to paragraph 55 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

21. Denies the truth of the allegations set forth in paragraphs 56, 57 and 58 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 56, 57 and 58 of the Complaint.

**AS AND FOR A RESPONSE**
**TO THE COUNT V**

22. In response to paragraph 59 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

23. Denies the truth of the allegations set forth in paragraphs 60, 61, 62 and 63 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 60, 61, 62 and 63 of the Complaint.

**AS AND FOR A RESPONSE**
**TO THE COUNT VI**

24. In response to paragraph 64 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

25. Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 65 and 66 of the Complaint.

26. Denies the truth of the allegations set forth in paragraphs 67 and 68 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 67 and 68 of the Complaint

### AS AND FOR A RESPONSE TO THE COUNT VII

27. In response to paragraph 69 of the Complaint, defendant Koutsos repeats, reiterates and re-alleges his responses to paragraphs 1 through 68 of the Complaint as if fully set forth herein.

28. Denies the truth of the allegations set forth in paragraphs 70 and 71 of the Complaint as to defendant Koutsos, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 67 and 68 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Plaintiffs were not employed by defendant George Koutsos.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

32.     Plaintiffs' claims for unjust enrichment are barred due to the existence of an at-will contract of employment between plaintiffs and defendant Prem.Air Group of New York LLC, f/k/a McQuay New York, LLC.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

33.     Plaintiffs' claims for fraud and misrepresentation are barred due to the existence of an at-will contract of employment between plaintiffs and defendant Prem.Air Group of New York LLC, f/k/a McQuay New York, LLC.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

34.     Plaintiffs' have failed to plead fraud and misrepresentation with the specificity required by law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

35.     Plaintiffs' claims for quantum meruit are barred due to the existence of an at-will contract of employment between plaintiffs and defendant Prem.Air Group of New York LLC, f/k/a McQuay New York, LLC.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

36.     Plaintiffs' claims are barred to the extent that they seek the payment of commissions on product installation contracts.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

37.     Plaintiffs' commissions were reduced due to their separation from their employment prior to the completion of their services on the accounts for which they seek payment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.     Plaintiffs' claims are barred due to their failure to properly charge expenses to their commission accounts, thereby wrongfully inflating the commissions claimed to be due them.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

39.     Plaintiffs' claims are barred due to their failure to provide Prem.Air Group of New York, LLC f/k/a McQuay New York, LLC with a timely accounting of their accounts.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.     Plaintiffs' claims are barred due to their failure to provide Prem.Air Group of New York, LLC f/k/a McQuay New York, LLC with their project files.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

41.     All payments were made pursuant to ERISA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

42.     Defendants did not breach any fiduciary duty to plaintiffs.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

43.     Plaintiffs have been paid all monies due and owing.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

44.     Plaintiffs failed to comply with the terms and conditions of their at-will contract of employment with Prem.Air Group of New York LLC f/k/a McQuay New York LLC.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

45.     Plaintiffs' claims against the individual defendants are preempted by ERISA.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

46.     Plaintiffs failed to exhaust their administrative remedies pursuant to ERISA.

**WHEREFORE**, George Koutsos, respectfully demands judgment against Plaintiffs as follows:

a) Dismissing Plaintiffs' Complaint in its entirety; and

b) Awarding attorney's fees, costs and disbursements and interest.

Dated: New York, New York
December 21, 2007

Arthur J. Semetis, P.C.

/s/
By:_____
Arthur J. Semetis. (AJS-8477)
Attorneys for *Prem.Air Group of New York LLC f/k/a McQuay New York LLC, Prem.Air Group, LLC, George Koutsos i/n/a George Koutssos, Eric Berkowitz, Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York LLC 401(k) Profit Sharing Plan i/n/a McQuay New York Profit Sharing Plan, and XYZ Trustees of the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k)Profit Sharing Plan*
286 Madison Avenue, 14th Floor
New York, New York  10017
(212) 557-5055

asdoc:c\prem.air-heimstaedt-korte.answ(koutsos)

CERTIFICATE OF SERVICE

**CONSTANTINE T. TZIFAS**, an attorney duly admitted to practice before United States District Court of the Southern District of New York affirms under the penalties of perjury:

On December 28, 2007, deponent served the within "ANSWER" upon:

Cole, Schotz, Meisel, Forman & Leonard, P.A.
900 Third Avenue, 16th Floor
New York, New York 10022

by delivering true copies, via first class mail under the exclusive custody and control of the U.S. Postal Service, of same to the above addresses.

Dated: December 28, 2007

/s/
_____
Constantine T. Tzifas