UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONALD HEIMSTAEDT and TODD KORTE,   Case No.: 07CIV9389

               Plaintiffs,   **ANSWER OF XYZ TRUSTEES OF THE PREM.AIR NY 401 (k) PROFIT SHARING PLAN**

   -against-

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,   (Rakoff, J)
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(k) PROFIT
SHARING PLAN,

               Defendants.
------------------------------------------------------------------X

    Defendant, XYZ Trustees of the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k) Profit Sharing Plan ("XYZ Trustees"), by its attorneys, Arthur J. Semetis, P.C., answers the Complaint (the "Complaint"), upon information and belief, as follows:

### AS AND FOR A RESPONSE TO THE INTRODUCTION

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

### AS AND FOR A RESPONSE TO JURISDICTION AND VENUE

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 2 and 3 of the Complaint.

### AS AND FOR A RESPONSE TO THE PARTIES

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the Complaint, except admits

that the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k) Profit Sharing Plan i/n/a McQuay New York Profit Sharing Prem.Air NY Plan ("Prem.Air NY Plan") has used John Hancock Life Insurance Company of America as its investment firm for its funds, that the Prem.Air NY Plan has its principal place of business at 43-24 21st Street, Long Island City, New York 11101, and that George Koutsos and Eric Berkowitz were trustees of the Prem.Air NY Plan.

## AS AND FOR A RESPONSE TO THE
## FACTS COMMON TO ALL COUNTS

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 of the Complaint, except admits that Heimstaedt and Korte were participants in the Prem.Air NY Plan, that Prem.Air Group of New York LLC f/k/a McQuay New York LLC withheld certain monies from the paychecks of Heimstaedt and Korte and deposited said monies into plaintiffs respective 401(k) accounts, and that they have been provided with an accounting.

## AS AND FOR A RESPONSE
## COUNT I

5.     In response to paragraph 33 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 34, 35, 36 and 37 of the Complaint.

7.     Denies the truth of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to

form a belief as to the truth of the remainder of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Complaint.

**AS AND FOR A RESPONSE
TO COUNT II**

8.   In response to paragraph 44 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

10.   Denies the truth of the allegations set forth in paragraphs 46, 47 and 48 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 46, 47 and 48 of the Complaint.

**AS AND FOR A RESPONSE
TO COUNT III**

11.   In response to paragraph 49 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 and 51 of the Complaint.

13.   Denies the truth of the allegations set forth in paragraphs 52, 53 and 54 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 52, 53 and 54 of the Complaint.

**AS AND FOR A RESPONSE
TO COUNT IV**

14. In response to paragraph 55 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 54 of the Complaint as if fully set forth herein.

15. Denies the truth of the allegations set forth in paragraphs 56, 57 and 58 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 56, 57 and 58 of the Complaint.

**AS AND FOR A RESPONSE
TO THE COUNT V**

16. In response to paragraph 59 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

17. Denies the truth of the allegations set forth in paragraphs 60, 61, 62 and 63 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 60, 61, 62 and 63 of the Complaint.

**AS AND FOR A RESPONSE
TO THE COUNT VI**

18. In response to paragraph 64 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 63 of the Complaint as if fully set forth herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 65 and 66 of the Complaint.

20. Denies the truth of the allegations set forth in paragraphs 67 and 68 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 67 and 68 of the Complaint

## AS AND FOR A RESPONSE TO THE COUNT VII

21. In response to paragraph 69 of the Complaint, defendant XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 68 of the Complaint as if fully set forth herein.

22. Denies the truth of the allegations set forth in paragraphs 70 and 71 of the Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 70 and 71 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. All payments were made pursuant to ERISA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. There was no breach of any fiduciary duties owed to plaintiffs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' claims against the individual defendants are preempted by ERISA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28.     Plaintiffs failed to exhaust their administrative remedies pursuant to ERISA.

**WHEREFORE**, XYZ Trustees of the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k) Profit Sharing Plan respectfully demands judgment against Plaintiffs as follows:

a)      Dismissing Plaintiffs' Complaint in its entirety; and

b)      Awarding attorney's fees, costs and disbursements and interest.

Dated:  New York, New York
        December 21, 2007

                                        Arthur J. Semetis, P.C.

                                                /s/
                                        By:_____
                                        Arthur J. Semetis. (AJS-8477)
                                        Attorneys for *Prem.Air Group of New York LLC f/k/a McQuay New York LLC, Prem.Air Group, LLC, George Koutsos i/n/a George Koutssos, Eric Berkowitz, Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York LLC 401(k) Profit Sharing Plan i/n/a McQuay New York Profit Sharing Plan, and XYZ Trustees of the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k)Profit Sharing Plan*
                                        286 Madison Avenue, 14th Floor
                                        New York, New York 10017
                                        (212) 557-5055

asdoc:c\prem.air-heimstaedt-korte.answ(xyz)`2

CERTIFICATE OF SERVICE

**CONSTANTINE T. TZIFAS**, an attorney duly admitted to practice before United States District Court of the Southern District of New York affirms under the penalties of perjury:

On December 28, 2007, deponent served the within "ANSWER" upon:

Cole, Schotz, Meisel, Forman & Leonard, P.A.
900 Third Avenue, 16th Floor
New York, New York 10022

by delivering true copies, via first class mail under the exclusive custody and control of the U.S. Postal Service, of same to the above addresses.

Dated: December 28, 2007

/s/
_____
Constantine T. Tzifas