UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DONALD HEIMSTAEDT and TODD KORTE, | CIVIL ACTION NO. 07 CV 9389 (JSR) |
| Plaintiffs, | |
| -against- | |
| PREM.AIR NEW YORK, LLC, PREM.AIR GROUP OF NEW YORK, LLC, PREM.AIR GROUP, LLC, MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS, ERIC BERKOWITZ, MCQUAY NEW YORK, LLC 401(K) PROFIT SHARING PLAN, and XYZ TRUSTEES OF THE MCQUAY NEW YORK, LLC 401(K) PROFIT SHARING PLAN, | **FIRST AMENDED COMPLAINT** |
| Defendants. | |

---

Plaintiffs, Donald Heimstaedt and Todd Korte, by and through their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., by way of First Amended Complaint against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos, Eric Berkowitz, McQuay New York LLC 401(k) Profit Sharing Plan and XYZ Trustees of the McQuay New York, LLC 401(k) Profit Sharing Plan (collectively, "Defendants"), hereby state as follows:

**INTRODUCTION**

1. This is an action alleging, inter alia, violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), the New York Labor Law, breach of contract, fraud and misrepresentation, quantum meruit, and unjust enrichment.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1132 (e) (2), in that the subject employee welfare benefit plan was administered in this District, the breaches of duty herein alleged occurred in this District and one or more of the Defendants resides or is found in this District and, pursuant to 28 U.S.C. § 1391(b), in that the causes of action arose in this District.

## THE PARTIES

4. Plaintiff Donald Heimstaedt ("Heimstaedt") was an employee of Defendant McQuay New York, LLC ("McQuay") and later Defendant Prem.Air New York, LLC ("Prem. Air New York") from December 1999 to March 29, 2007. At all relevant times, Heimstaedt was a vested participant in McQuay's 401(K) Profit Sharing Plan (the "Plan") within the meaning of 29 U.S.C. § 1002(7).

5. Plaintiff Todd Korte ("Korte") was an employee of McQuay and later Prem.Air New York from June 1999 to January 2006. At all relevant times, Korte was a vested participant in the Plan within the meaning of 29 U.S.C. § 1002(7). Plaintiffs therefore have standing to bring this action under 29 U.S.C. § 1132(a).

6. Upon information and belief, Prem.Air New York is a New York limited liability company having its principal place of business at 43-24 21st Street, Long Island City, New York.

7. Defendant Prem.Air Group, LLC is also a New York limited liability company having its principal business at 43-24 21st Street, Long Island City, New York.

8. Defendant McQuay is, upon information and belief, a New York limited liability company, now known as Prem.Air Group of New York, a New York limited liability company having its principal place of business at 43-24 21st Street, Long Island City, New York 11101. Upon information and belief, at all relevant times, McQuay, and later Prem.Air New York, was the Plan Administrator and Plan Sponsor of the Plan. In addition, McQuay and Prem.Air New York, as employers entrusted with employee funds for remittance to a claims administrator, acted in a fiduciary capacity under ERISA. (Prem.Air New York, Prem.Air Group of New York, LLC, and Prem.Air Group, LLC shall hereinafter be collectively referred to as "Prem.Air"). (Prem.Air and McQuay are hereinafter collectively referred to as the "Company"). Prem.Air and McQuay are engaged in the business of selling, distributing, servicing and installing HVAC products manufactured by McQuay International and providing HVAC services in the metropolitan New York, Westchester, and Long Island area.

9. Defendant Plan is an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1). Upon information and belief, at all relevant times, the Plan Administrator and Plan Sponsor has been McQuay. At all relevant times, the Plan has used John Hancock Life Insurance Company of America ("John Hancock") as its investment firm for Plan funds. The Plan has its principal place of business at 43-24 21st Street, Long Island City, NY 11101.

10. Defendant George Koutssos ("Koutssos") is a member, officer and director of Prem.Air. Koutssos is also a trustee and "fiduciary" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority and/or control over the management of the Plan, exercised authority or control regarding management or disposition of Plan assets or had discretionary responsibility regarding administration of the Plan.

44630/0001-2374956v1

11. Defendant Eric Berkowitz ("Berkowitz") is, upon information and belief, a former member, officer and director of Prem.Air. Upon information and belief, Berkowitz was also a trustee and "fiduciary" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority and/or control over the management of the Plan, exercised authority or control regarding management or disposition of Plan assets or had discretionary responsibility regarding administration of the Plan. (Koutssos and Berkowitz are hereinafter referred to as the "Individual Defendants").

12. Defendant XYZ Trustees of the Plan (the "XYZ Trustees") are, upon information and belief, other individual trustees of the Plan and, therefore, "fiduciaries" within the meaning of ERISA.

## FACTS COMMON TO ALL COUNTS

### Plaintiffs' Employment With Prem.Air

13. In or about December 1999, Heimstaedt began employment with Prem.Air in the position of General Manager of Engineering Sales. He subsequently became Manager, Owner/Contract Sales, as a result of his strong performance.

14. From the outset of his employment, Heimstaedt performed his job excellently. In 2004 and 2006 he earned Chairman's Club Number 1 nationally and he earned 2nd place in this club in 2005. In 2004, Heimstaedt was the "McQuay New York Salesman of the Year" and in 2005 he was the "McQuay New York Professional of the Year." Throughout his employment with the Company, Heimstaedt was instrumental in bringing in substantial business to Prem.Air including the very lucrative Waterside Plaza project, for which the Company earned a substantial commission.

15. Korte began employment with Prem.Air in June 1999. Korte was, in fact, the first employee of Prem.Air. In addition to his sales efforts, Korte spent a great deal of time during his first few years of employment helping the Company start up its business. As he was paid as a 100% commissioned salesman, those "start up" tasks he performed outside of his sales efforts were uncompensated. Nevertheless, Korte was one of the Company's top salesmen every year and was recognized for his efforts by being named "McQuay New York Salesman of the Year" in 2003. Korte was also consistently ranked in the top 10 for McQuay's national sales ranking each year.

16. From the initial set up of the Plan in 1999, both Heimstaedt and Korte were participants in the Plan.

### Defendants Unlawfully Fail to Make Payments to Heimstaedt and Korte's 401(k) Retirement Accounts

17. From the outset of their participation in the Plan, Heimstaedt and Korte designated that McQuay, as Plan Administrator, would withhold certain monies from their paychecks, which amounts were to be deposited into Plaintiffs' respective 401(k) accounts.

18. Beginning in or about Autumn 2004, although the Company withheld the designated amounts from Korte's paychecks, the Company failed to deposit these monies into Korte's 401(k) accounts. As a result of this wrongdoing, Korte withdrew from the Plan.

19. Beginning in or about July 2005, although the Company withheld the designated amounts from Heimstaedt's paychecks, the Company failed to deposit these monies into Heimstaedt's 401(k) account. In fact, Heimstaedt's account statements from John Hancock reveal that no amounts were placed in his account from July 2005 forward, although the money to be deposited into this account was deducted from his pay.

20. The Company never advised Korte or Heimstaedt as to why the monies were not being deposited into their 401(k) accounts.

21. Despite their repeated requests, neither Korte nor Heimstaedt ever received a satisfactory accounting of their 401(k) contributions or accounts.

22. When Korte resigned in January 2006, he attempted to obtain information about the status of his 401(k) account and how he could roll the account over to a private account. Prem.Air ignored Korte's repeated requests for this information to which he was clearly entitled. Although the Company eventually provided information regarding the account in response to demands by the U.S. Department of Labor, it still appears that the Company unlawfully withheld contributions from Korte's account for an extended time period.

23. Despite Plaintiffs' repeated demands, Defendants have failed to properly account for the losses in Plaintiffs' 401(k) accounts.

24. Defendants breached the fiduciary duties they owed to Plaintiffs under ERISA by:

 (a) Failing to discharge their fiduciary duties solely in the interests of the Plan's participants and beneficiaries, as required by ERISA, 29 U.S.C. § 1104(a)(1)(A); and

 (b) Failing to act with the care, skill, diligence, and prudence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by 29 U.S.C. § 1104(a)(1)(B).

25. Defendants' wrongful actions have resulted in substantial damages to Plaintiffs.

**Defendants Refuse to Pay Commissions Earned and Due to Heimstaedt and Korte**

26. From the outset of their employment, the Company paid Heimstaedt and Korte on a purely commissioned basis. Pursuant to the Company's longstanding, communicated

Company policy and practice, Plaintiffs were paid a set commission of 5% on their sales of McQuay manufactured equipment (hereinafter, "Commission Orders"). Plaintiffs were also paid 50% of any "markup" or "overage" that Prem.Air received on "Buy/Sell" orders. "Buy/Sell" orders involved situations in which the Company purchased equipment and resold it to the customer at a marked up price (hereinafter "Buy/Sell Orders").

27. According to the commission structure established by Prem.Air, the Company and the Individual Defendants owe Heimstaedt the minimum amount of $646,796.05 in commissions on Commission and Buy/Seller Orders for completed and pending projects.

28. The Company and the Individual Defendants also owe Heimstaedt monies improperly held in reserve in the amount of at least $18,750, plus money that Prem.Air improperly held back from Company client, Turner Logistics, in the amount of $10,235.

29. Despite his repeated requests for these commissions and other monies due him, Defendants have refused to pay said monies to Heimstaedt.

30. Based on the foregoing commission arrangement, Defendants also owe Korte substantial amounts in outstanding commissions on Commission and Buy/Sell Orders.

31. Despite his repeated requests for these commissions, and although Defendants provided Korte with commission statements reflecting amounts due him, Defendants have nevertheless refused to pay said monies to Korte.

32. As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have been, and will continue to be, substantially damaged.

## COUNT I

### (Violation of ERISA – Failure to Pay Benefits)

33. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

34. At all relevant times, McQuay and, later, Prem.Air New York have been an "Employer" within the meaning of ERISA.

35. At all relevant times, McQuay, Prem.Air New York and the Individual Defendants have been "fiduciaries" within the meaning of ERISA.

36. At all relevant times, Plaintiffs have been "participants" in, and "beneficiaries" of, the Plan within the meaning of ERISA, 29 U.S.C. § 1002(7) and (8).

37. Pursuant to ERISA, as the Employer, Plan Sponsor and Plan Administrator, as well as in their role as fiduciaries of the Plan, Defendants had an obligation to deduct the monies in the manner and amount designated by Plaintiffs from their paychecks and remit same directly to Plaintiffs' 401(k) accounts.

38. Without explanation, from in or about July 2005, although Defendants withheld 401(k) monies from Plaintiffs' paychecks, and were entrusted with remitting such funds to John Hancock, Defendants did not remit such 401(k) monies to the Plan.

39. Upon information and belief, Defendants unlawfully used Plaintiffs' 401(k) monies for their personal use.

40. Despite Plaintiffs' requests, Defendants also refused to provide Plaintiffs with information regarding their 401(k) accounts, in direct violation of ERISA.

41. On numerous occasions, Plaintiffs requested that Defendants provide the benefits to Plaintiffs' accounts. Despite these repeated requests, Defendants have not provided, nor explained, the whereabouts of Plaintiffs' 401(k) monies.

42. Defendants' failure to use Plaintiffs' trust monies for their intended purpose, and their contrary use of the monies for Defendants' own purposes, as well as Defendants' failure to act in Plaintiffs' best interests or with appropriate care, skill and diligence, constitute violations of ERISA.

43. As a direct and proximate result thereof, Plaintiffs have been, and will continue to be, substantially damaged and are entitled to a judgment against Defendants jointly, severally and/or in the alternative, for the losses Plaintiffs' accounts have suffered as a result of Defendants' breaches of fiduciary duties, including, but not limited to, the Plan's lost earnings on the accounts.

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, hereby demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos, Eric Berkowitz, McQuay New York, LLC 401(k) Profit Sharing Plan, and the XYZ Trustees of the McQuay New York, LLC 401(k) Profit Sharing Plan, jointly, severally and/or in the alternative, as follows:

A. Granting declaratory relief that the Plan is obligated to reimburse each Plaintiff's account for all amounts improperly withheld;

B. Ordering a full and complete accounting of the Plan;

C. Ordering that Defendants shall make full restitution to the Plan including any losses sustained to Plaintiffs' accounts as a consequence of the wrongful conduct alleged herein, together with prejudgment interest;

D.   Preliminarily and permanently enjoining Defendants from engaging in any action violative of ERISA;

E.   Compensatory and consequential damages;

F.   Reasonable attorneys' fees;

G.   Pre and post-judgment interest;

H.   Costs of suit; and

I.   Such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT II

### (Violation of ERISA – Breach of Fiduciary Duty)

44.   Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

45.   McQuay, Prem.Air New York, the Individual Defendants and the XYZ Defendants were "fiduciaries" under ERISA and owed Plaintiffs fiduciary duties including, inter alia, a duty to administer the Plan with due loyalty and care, in good faith, and to act solely in the best interests of the Plan, its participants and beneficiaries.

46.   In taking Plaintiffs' 401(k) contributions and failing to remit such contributions to the Plan, but rather using such funds for Defendants' own purposes, Defendants have breached the fiduciary duties owed to Plaintiffs in violation of ERISA.

47.   Defendants also breached their fiduciary duties by failing and refusing to provide Plaintiffs with information they requested about the Plan, and to which Plaintiffs are entitled.

48.   As a direct and proximate result of the foregoing breaches, Plaintiffs have, and will continue to be, substantially damaged and are entitled to a judgment against Defendants

jointly, severally and/or in the alternative, for the amount of losses Plaintiffs' accounts suffered as a result of Defendants' breaches of fiduciary duties, including the Plan's lost earnings on the accounts.

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos, Eric Berkowitz, McQuay New York, LLC 401(K) Profit Sharing Plan and the XYZ Trustees of the McQuay New York, LLC 401(K) Profit Sharing Plan, jointly, severally, and/or in the alternative, as follows:

A. Granting declaratory relief that the Plan is obligated to reimburse each Plaintiff's account for all amounts improperly withheld;

B. Ordering a full and complete accounting of the Plan;

C. Ordering that Defendants make full restitution to Plaintiffs' 401(k) accounts including any losses sustained by Plaintiffs as a consequence of the wrongful conduct alleged herein, together with pre-judgment interest;

D. Preliminarily and permanently enjoining Defendants from engaging in any action violative of ERISA;

E. Compensatory and consequential damages;

F. Reasonable attorney's fees;

G. Pre and post-judgment interest;

H. Costs of suit; and

I. Such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT III

### (Violation of the New York Labor Law)

49. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

50. At all relevant times, Plaintiffs were "employees" within the meaning of Article 6 of the New York Labor Law.

51. At all relevant times, Prem.Air was an "Employer" within the meaning of Article 6 of the New York Labor Law.

52. By, inter alia, failing to pay Plaintiffs' wages due to them, including their unpaid commissions, in a timely manner, either during or after their termination of employment, Defendants have violated Article 6 of the New York Labor Law.

53. Defendants' wrongful actions were willful, wanton and/or in reckless disregard of Plaintiffs' rights.

54. As a direct and proximate result of Defendants' wrongdoing and violation of the New York Labor Law, Plaintiffs have and will continue to be substantially damaged.

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

      A.    Compensatory and consequential damages;

      B.    Punitive damages;

      C.    Liquidated damages as provided by Article 6 of the New York Labor Law;

      D.    Attorneys' fees;

44630/0001-2374956v1

      E.    Interest;

      F.    Costs of suit; and

      G.    Such other and further relief as the Court deems just and equitable.

## COUNT IV

### (Breach of Contract)

55. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

56. Plaintiffs and Defendants entered into a binding agreement pursuant to which Defendants agreed to pay Plaintiffs 5% commissions on Commission Orders as well as 50% of the average on all Buy/Sell Orders, in exchange for Plaintiffs' services.

57. By their wrongful conduct, Defendants have breached their contract with Plaintiffs to pay them commissions.

58. As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have and will continue to be substantially damaged.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

      A.    Compensatory and consequential damages;

      B.    Attorneys' fees;

      C.    Interest;

      D.    Costs of suit; and

      E.    Such other and further relief as the Court deems just and equitable.

44630/0001-2374956v1

## COUNT V

### (Fraud and Misrepresentation)

59. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

60. The parties entered into an agreement whereby Plaintiffs would provide competent and loyal services to Defendants and, in exchange, Defendants would provide Plaintiffs with compensation including the prompt payment of their earned and owing commissions.

61. In entering into this agreement, Defendants misrepresented their intentions to abide by this agreement while knowing that Defendant did not have any intention of paying Plaintiffs the commissions due and owing to them.

62. Plaintiffs justifiably relied on Defendants' representations.

63. As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have and will continue to be substantially damaged.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

    A.     Compensatory and consequential damages;

    B.     Attorneys' fees;

    C.     Punitive damages;

    D.     Interest;

    E.     Costs of suit; and

F.  Such other and further relief as the Court deems just and equitable.

## COUNT VI

### (Quantum Meruit)

64. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

65. Plaintiffs performed their services to Defendants in good faith and Defendant accepted those services.

66. At all relevant times, Plaintiffs performed their sales services with the expectation that they would be justly and fairly compensated for such services.

67. Defendants have failed to fairly and fully compensate Plaintiffs for their services.

68. Accordingly, Defendants should compensate Plaintiffs for the reasonable value of the services Plaintiffs rendered to Defendants.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

A.  Compensatory and consequential damages;

B.  Punitive damages;

C.  Attorneys' fees;

D.  Interest;

E.  Costs of suit; and

F.  Such other and further relief as the Court deems just and equitable.

44630/0001-2374956v1

## COUNT VII

### (Unjust Enrichment)

69. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

70. By Plaintiffs' provision of competent sales and services to Defendants, all of which inured directly to Defendants' substantial benefit, and Defendants' refusal to pay Plaintiffs' commissions, Defendants were unjustly enriched at Plaintiffs' expense.

71. Equity and good conscience require that Plaintiffs recover the enrichment from Defendants.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutssos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

    A. Compensatory and consequential damages;

    B. Punitive damages;

    C. Attorneys' fees;

    D. Interest;

    E. Costs of suit; and

    F. Such other and further relief as the Court deems just and equitable.

## COUNT VIII

### (Piercing the Corporate Veil)

72. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the First Amended Complaint as if fully set forth at length herein.

73. Koutssos and Berkowitz exercised complete dominion and control over all of the Company's financial dealings, including, but not limited to, those involving Plaintiffs and their compensation and benefits.

74. Upon information and belief, Koutssos and Berkowitz failed to maintain corporate formalities and commingled assets as between themselves and the various entities controlled by one or both of them, as well as among and between those entities controlled by one or both of them.

75. Upon information and belief, Koutssos and Berkowitz used the Company's funds for their own personal use and for the use of entities controlled by one or both of them.

76. Koutssos and Berkowitz used their domination and control over the Company and its affiliates to commit a wrong against Plaintiffs by, among other things, using funds for their personal benefit that were to have been paid to and for the benefit of Plaintiffs.

77. As a direct and proximate result of Koutssos and Berkowitz's wrongdoing, Plaintiffs have been and will continue to be substantially damaged.

78. As a result of the foregoing, Koutssos and Berkowitz are personally liable for the Company's debts to Plaintiffs.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, George Koutssos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

A. Compensatory and consequential damages;

B. Punitive damages;

C. Attorneys' fees;

D. Interest;

E. Costs of suit; and

F. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: New York, New York
January 30, 2008

> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> A Professional Corporation
> Attorneys for Plaintiffs
>
> By _____
> Randi W. Kochman
> Adam J. Sklar
> 900 Third Avenue, 16th Floor
> New York, NY 10022-4728
> (212) 752-8000

44630/0001-2374956v1