UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DONALD HEIMSTAEDT and TODD KORTE,

                          *Plaintiffs*,                  Civil Action No.: 07 CIV 9389 (JSR)

      *-against-*

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(k) PROFIT
SHARING PLAN,

                          *Defendants.*
-------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' PREM.AIR GROUP OF NEW YORK LLC
(f/k/a McQUAY NEW YORK LLC), PREM.AIR GROUP LLC,
GEORGE KOUTSOS (i/n/a (GEORGE KOUTSSOS) AND
ERIC BERKOWITZ'S MOTION TO DISMISS**


**ARTHUR J. SEMETIS, P.C.**
Attorneys for *Defendants*
PREM.AIR GROUP OF NEW YORK LLC
(f/k/a MCQUAY NEW YORK LLC
and GEORGE KOUTSOS
286 Madison Avenue
14th Floor
New York, NY 10017
(212) 557-5055

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………….…………………………..i

PRELIMINARY STATEMENT………..……..…………………………………………….1

STATEMENT OF FACTS…………………….……………………………………………2

LEGAL ARGUMENTS:

POINT I

      DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
      FIRST AMENDED COMPLAINT MUST BE GRANTED,
      PURSUANT TO FRCP 12(b)(6) BASED UPON THE
      FAILURE TO PLEAD CERTAIN CAUSES OF ACTION…..……………………………4

      I.     COUNT IV FOR BREACH OF CONTRACT AGAINST
            PREM.AIR GROUP LLC MUST FAIL UNDER FRCP 12(b)(6)…………………5

      II.    COUNT VI AND VII OF THE COMPLAINT FOR
            QUANTUM   MERUIT AND UNJUST ENRICHMENT
            MUST BE DISMISSED UNDER NEW YORK LAW……………………………..7

      III.   COUNT VIII OF THE COMPLAINT SEEKING TO PIERCE THE
            CORPORATE VEIL TO IMPOSE LIABILITY UPON KOUTSOS
            AND BERKOWITZ MUST SIMILARLY BE DISMISSED…………..………..9

POINT II

      COUNT V OF THE COMPLAINT FOR FAILURE
      TO PLEAD FRAUD WITH PARTICULARITY
      AS REQUIRED BY FED. R. CIV. PROC. 9(b) …....……………………………….........11

      I.     PLAINTIFFS' FRAUD CLAIM MUST BE DISMISSED FOR
            FAILURE TO PLEAD IN ACCORDANCE WITH RULE 9(b) …………........11

      II.    PLAINTIFFS' FRAUD CLAIM DOES NOT EXIST SEPARATELY
            FROM ITS BREACH OF CONTRACT CLAIM (COUNT IV) …………........13

CONCLUSION…………………………………...……….……..………………….....15

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                          <u>**Pages**</u>

<u>ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.</u>,
403 F.3d 87, 98 (2d Cir. 2007) ….…….……….……………….……………….…...5

<u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007) ….….……………….…………….4

<u>Berkey v. Third Ave. Ry. Co.</u>, 244 N.Y. 84, 155 N.E. 58 (1926) …….………………….……..10

<u>Bradkin v. Leverton</u>, 26 N.Y.2d 192, 197…….………………….……………………….……...7

<u>Briefstein v. Rotondo Constr. Co</u>, 8 A.D.2d 349, 187 N.Y.S.2d
866 (1st Dep't 1959) …….………………….……………….……………….……….…...13

<u>Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.</u>, 70  N.Y.2d 382,
521 N.Y.S.2d 653 (1987) …….…....………………….………………….……………….7, 8, 13

<u>Eastern States Elec. Contractors, Inc. v. Crow Constr. Co.</u>,
153 A.D.2d 522, 544 N.Y.S.2d 600 (1st Dep't 1989) …….………………….…….…………...…10

<u>Fleet Bank v. Pine Knoll Corp.</u>, 290 A.D.2d 792,
736 N.Y.S.2d 737 (3rd Dep't 2002) …….………………….……………….….…….……....…14

<u>Fourth Branch Assocs. Mechanicville v. Niagara Mohawk Power Corp.</u>,
235 A.D.2d 962, 653 N.Y.S.2d 412 (3rd Dep't 1997) …….………………….…….…………...…13

<u>Hohenberg Co. v. Iwai New York</u>, 6 A.D.2d 575, 180 N.Y.S.2d
410 (1958) …….………………….………………….…….……...……….……….……………8

<u>Martinez v. One Plus Rental Sys.</u>, 247 A.D.2d 594, 668 N.Y.S.2d
106 (2d Dep't 1998) …….………………….………………………….……………….…………5

<u>McClue v. Battaglia</u>, 211 A.D.2d 625, 621 N.Y.S.2d
103 (2d Dep't 1995) …….………………….………………………….……………….…………5

<u>Metropolitan Transp. Auth. v. Triumph Adv. Prods., Inc.</u>,
116 A.D.2d 526,  497 N.Y.S.2d 673 (1st Dep't 1986) …….………………….…….…………...…13

<u>MJM Adv. v. Panasonic Indus. Co.</u>, 294 A.D.2d 265,
741 N.Y.S.2d 874 (2002) …….………………….……………….……….……………….....…7

Morris v. New York State Dep't of Taxation and Fin.,
82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993) …….……………….…………………………10

Murphy v. Kuhn, 90 N.Y.2d 266, 660 N.Y.S.2d 371 (1997) …….………………….…….……13

Musman v. Modern Deb, 50 A.D.2d 761, 377 N.Y.S.2d
17 (1ˢᵗ Dep't 1975) aff'd, 48 N.Y.2d 941 (1979) …….………….…….……………………...10

Papasan v. Allain, 478 U.S. 265, 286, 106
S. Ct. 2932, 92 L. Ed. 2d 209 (1986) …………….……….……….…….…………….....4

Reddington v. Staten Is. Univ. Hosp., 511 F.3d 126, 129 (2d Cir. 2007) …………...………......4

Rich v. New York Cent. & Hudson River R.R. Co.,
87 N.Y. 382 (1895) aff'd, 154 N.Y. 733 (1897) …….……………….…….………………....14

Scott v. KeyCorp., 247 A.D.2d 722, 699 N.Y.S.2d 76
(3ʳᵈ Dep't 1998) …….……………….……………………….……….……………….……..13

Sergeants Benevolent Assoc. Annuity Fund v. Renck, 19 A.D.3d
107, 796 N.Y.S.2d 77 (1ˢᵗ Dep't 2005) …….…………….………….…………………….7, 8

Smith v. Westchester Co. Dep't of Corr., 2008 U.S. Dist.
LEXIS 11049, *5 (S.D.N.Y. Feb. 7, 2008) …….……………….………………….……..4, 9

Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd., 108 A.D.2d 607,
484 N.Y.S.2d 834 (1ˢᵗ Dep't) appeal dismissed, 65 N.Y.2d 637 (1985) ….….………………14

TNS Holdings, Inc. v. MKI Sec. Corp.., 92 N.Y.2d 335,
680 N.Y.S.2d 891 (1998) …….……………….……………..………………………….....9, 10

Unity Sheet Metal Works, Inc. v. Knappen, 130 N.Y.S.2d 429
(Special T. N.Y. Co. 1952) …….……………….……….……………….………………….5

Wegman v. Dairylea Coop, 50 A.D.2d 108, 376 N.Y.S.2d 728
(4ᵗʰ Dep't 1975), appeal dismissed, 38 N.Y.2d 918 (1976) …….……………….……….……...13

Weiss v. Manfredi, 83 N.Y.2d 974, 977, 616 N.Y.S.2d 325, 327 (1994) ……….…………….6

William J. Wrigley Jr. Co. v. Waters, 890 F.2d 594 (2d Cir. 1989) …….…………….…….…...10

Winegrad v. New York Univ. Med. Ctr., 64 N.Y.2d 851,
487 N.Y.S.2d 316 (1985) …….……………….……….……………….………………….....5

**<u>Statutes</u>**

Fed. R. Civ. P. 12(b)(6) and 9(b) …..………………..…….…..…..……………..…..…..…..……...1, 3

## PRELIMINARY STATEMENT

This memorandum of law is submitted by defendants, Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), Prem.Air Group LLC, George Koutsos (i/n/a Koutssos) ("Koutsos") and Eric Berkowitz ("Berkowitz"), in support of their motion to dismiss the following Counts of the First Amended Complaint ("Complaint") of plaintiffs, Donald Heimstaedt ("Heimstaedt") and Todd Korte ("Korte"), pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

Defendant Prem.Air Group LLC seeks dismissal of the Fourth Count of the First Amended Complaint sounding in breach of contract on the grounds that it was not a party to the oral contracts that are the subject of the Complaint since it was not legally formed until May 21, 2006, and that neither plaintiff was ever employed by this separate limited liability company.

Defendants Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, Prem.Air Group LLC, Koutsos and Berkowitz seek dismissal of the Fifth Count of the First Amended Complaint sounding in Fraud and Misrepresentation for failure to satisfy the pleading requirements of Fed. R. Civ. P. 9(b).

Defendants Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, Prem.Air Group LLC, Koutsos and Berkowitz seek dismissal of the Sixth and Seventh Counts of the First Amended Complaint sounding in Quantum Meruit and Unjust Enrichment based upon the unavailability of this relief in an action based upon contract.

Defendants Koutsos and Berkowitz also seek dismissal of the Eighth Count of the First Amended Complaint seeking to Pierce the Corporate Veil for plaintiffs' failure to adequately plead the requisite elements of the same in their Complaint.

## STATEMENT OF FACTS

For a complete recitation of the salient facts, the Court is respectfully requested to refer to the affirmation of Arthur J. Semetis, Esq., dated February 21, 2008 ("Semetis Aff'm"), with exhibits annexed thereto, the affidavit of George Koutsos, sworn to on the 20th day of February 2008, with the exhibits annexed thereto ("Koutsos Aff.") and the instant memorandum of law. For the Court's convenience, a brief summary is provided.

Prem.Air Group of New York, LLC, formerly known as McQuay New York LLC, is a limited liability company organized and existing under the laws of the State of New York with a principal place of business located at 43-24 21st Street, Long Island City, New York 11101. Koutsos is the Managing Member of Prem.Air and its sole shareholder. Defendant Berkowitz is a former manager of Prem.Air Group of New York LLC..

Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, is engaged in the business of selling commercial and residential heating, ventilation and air conditioning equipment.

Pursuant to an oral agreement, plaintiff Heimstaedt worked as a commissioned salesperson for Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), on or about and between December 1999 and March 29, 2007.

In addition, pursuant to an oral agreement, plaintiff Korte worked as a commissioned salesperson for Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), on or about and between June 1999 and January 2006.

Plaintiffs' duties and responsibilities included, but were not limited to, the sales of equipment and materials sold by Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), and the oversight of the delivery and installation of said equipment and materials.

Plaintiffs' Heimstaedt and Korte instituted the present action to, *inter alia,* recover for sales commissions allegedly unpaid by Prem.Air Group of New York LLC (f/k/a McQuay New York LLC).

As set forth more fully below, defendants seek dismissal, pursuant to FRCP 12(b)(6), of the Sixth and Seventh Counts of the Complaint for failure to state claims for which relief may be granted.

Defendant Prem.Air Group LLC seeks dismissal, pursuant to FRCP 12(b)(6), of the Fourth Count of the Complaint for failure to state a claim for which relief may be granted.

Additionally, defendants seek dismissal, pursuant to FRCP 9(b), of the Fifth Count of the Complaint for failure to plead fraud and misrepresentation with particularity.

Finally, defendants Koutsos and Berkowitz seek dismissal, pursuant to FRCP 12(b)(6), of the Eighth Count of the Complaint for failure to state a claim for which relief may be granted.

As demonstrated more fully below, the allegations of plaintiffs' First Amended Complaint, when viewed in a light most favorable to Heimstaedt and Korte as the pleaders, fails to sustain the foregoing Counts of the Complaint.

**LEGAL ARGUMENT**

**POINT 1**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT MUST BE GRANTED,
PURSUANT TO FRCP 12(b)(6) BASED UPON THE
FAILURE TO PLEAD CERTAIN CAUSES OF ACTION**

The Second Circuit has set forth the standard justifying dismissal of a complaint pursuant to FRCP 12(b)(6) in Reddington v. Staten Is. Univ. Hosp., 511 F.3d 126, 129 (2d Cir. 2007):

> We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient to raise a right to relief above the speculative level. (Quotation marks and internal citations omitted).

Even when given liberal construction, the plaintiff bears the burden of establishing the basis for an award of relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The pleading for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, *citing*, Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (parenthetical omitted).

In addition, the court may consider exhibits annexed to the complaint, incorporated by reference in the complaint or any documents known by plaintiff that it relied upon in bringing the lawsuit. Smith v. Westchester Co. Dep't of Corr., 2008 U.S. Dist. LEXIS 11049, *5 (S.D.N.Y. Feb. 7, 2008).

4

## I.    COUNT IV FOR BREACH OF CONTRACT AGAINST PREM.AIR GROUP LLC MUST FAIL UNDER FRCP 12(b)(6)

In the present action, plaintiffs Heimstaedt and Korte have wholly failed to establish a *prima facie* breach of contract claim against Prem.Air Group LLC.[1] Under New York law, to state a viable claim for breach of contract, "plaintiff bears the burden to establish the terms of an enforceable agreement between the parties, as well as performance of plaintiff's obligations under the agreement and breach of the defendant's payment obligation." Winegrad v. New York Univ. Med. Ctr., 64 N.Y.2d 851, 853, 487 N.Y.S.2d 316, 319 (1985); Martinez v. One Plus Rental Sys., 247 A.D.2d 594, 668 N.Y.S.2d 106 (2d Dep't 1998); McClue v. Battaglia, 211 A.D.2d 625, 626 (2d Dep't 1995).

Count IV of the Complaint for breach of contract must be dismissed for plaintiffs' failure to allege the existence of an enforceable agreement between Heimstaedt and Prem.Air Group LLC and an agreement between Korte and Prem.Air Group LLC. Unity Sheet Metal Works, Inc. v. Knappen, 130 N.Y.S.2d 429 (Special T. N.Y. Co. 1952) (complaint dismissed for failure to allege material element).

Accepting the truth of the allegations as pled in plaintiffs' Complaint for purposes of the instant motion as required under FRCP 12(b)(6), ATSI Commc'ns., Inc. v. Shaar Fund, Ltd., 403 F.3d 87, 98 (2d Cir. 2007), plaintiffs' aver, in part:

> 4. **Plaintiff Donald Heimstaedt ("Heimstaedt") was an employee of Defendant McQuay New York, LLC ("McQuay") and later defendant Prem.Air New York, LLC ("Prem.Air New York")** from December 1999 to March 29, 2007. (Emphasis supplied).

---

[1] Pursuant to a Partial Stipulation of Discontinuance with Prejudice, dated February 19, 2008, the parties' counsel stipulated to discontinue the fourth cause of action (*i.e.*, Count IV), with prejudice against defendants George Koutsos (i/n/a George Koutssos) and Eric Berkowitz.

     5. **Plaintiff Todd Korte ("Korte") was an employee of McQuay and later Prem.Air New York** from June 1999 to January 2006. (Emphasis supplied).

Nowhere in plaintiffs' Complaint do they allege that they were ever employed by Prem.Air Group LLC. In fact, Prem.Air Group LLC was not formed until May 21, 2006. Thus, it is implausible that plaintiffs were employees of Prem.Air Group LLC since it was formed at the very end of their employment by Prem.Air Group of New York, f/k/a McQuay New York LLC.

Since plaintiffs were not employed by Prem.Air Group LLC, they fail to properly allege a claim for breach of contract since they have admitted that Prem.Air Group LLC was not a party to the oral contract referred to in the Complaint. <u>Weiss v. Manfredi</u>, 83 N.Y.2d 974, 977, 616 N.Y.S.2d 325, 327 (1994) (failure of plaintiff to allege privity of contract warranted dismissal of contract claim).

In fact, plaintiffs' attempt to impose liability upon Prem.Air Group, LLC is set forth in connection with its ERISA claims, as alleged in paragraph 8 of the Complaint, wherein they collectively begin to refer to defendants Prem.Air New York, Prem.Air Group of New York LLC and Prem.Air Group LLC as "Prem.Air" throughout the remainder of the Complaint.

Moreover, attached as Exhibits 1 and 2 to the Koutsos Aff., are W2 forms issued by Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, to Heimstaedt and Korte, respectively for the tax years 2004 through 2006.

Based upon plaintiffs' failure to plead, at a minimum, that Prem.Air Group LLC was a party to the contract complained of, Count IV of the Complaint should properly be dismissed against Prem.Air Group LLC.

## II.    COUNT VI AND VII OF THE COMPLAINT FOR QUANTUM MERUIT AND UNJUST ENRICHMENT MUST BE DISMISSED UNDER NEW YORK LAW

New York law precludes an action for quasi-contract, *to wit*, quantum meruit or unjust enrichment, where the genesis of a lawsuit is predicated upon the existence of a contract for the same subject matter. Sergeants Benevolent Assoc. Annuity Fund v. Renck, 19 A.D.3d 107, 109, 796 N.Y.S.2d 77, 79 (1ˢᵗ Dep't 2005), *citing,* MJM Adv. v. Panasonic Indus. Co., 294 A.D.2d 265, 266, 741 N.Y.S.2d 874 (2002), (claim for unjust enrichment fatally defective where contract covering the same subject matter existed, no recovery on quasi contract was allowed.)

As the court expressly stated in Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388-389, 521 N.Y.S.2d 653, 656 (1987) *quoting,* Bradkin v. Leverton, 26 N.Y.2d 192, 197:

> Quasi contracts are not contracts at all, although they give rise to obligations more akin to those stemming from contract than from tort. The contract is a mere fiction, a form imposed in order to adapt the case to a given remedy ***Briefly stated, a quasi-contractual obligation is one imposed by law *where there has been no agreement or expression of assent, by word or act, on the part of either party involved.* The law creates it, regardless of the intention of the parties, to assure a just and equitable result.' (Emphasis in original).

In support of their claim for quantum meruit, plaintiffs' conclusorily plead that they performed sales services for defendants, Prem.Air New York, Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, Prem.Air Group LLC, Koutsos and Berkowitz,[2] and that they expected to be fairly compensated for the same.[3] As a result, they seek to impose joint and several liability for quantum meruit upon defendants.

---

[2] *See,* POINT --, precluding liability against Koutsos and Berkowitz for plaintiffs' failure to plead fraud with particularity under FRCP 9(b).
[3] Complaint, paras. 65-68, p. 15.

In the same way, in Count VII of the Complaint, plaintiffs' summarily allege that they provided services to defendants, and which inured to defendants' benefit, for which Heimstaedt and Korte were not paid.[4]

"It is well settled that plaintiffs cannot recover for unjust enrichment while simultaneously alleging the existence of an express contract covering the same subject matter." Sergeants Benevolent Assoc., 796 N.Y.S.2d at 79 (citation omitted); *see also* Hohenberg Co. v. Iwai New York, 6 A.D.2d 575, 578, 180 N.Y.S.2d 410 (1958).

In the present action, all of the terms and conditions of the parties' relationship were governed by an oral contract. Since Heimstadt and Korte chose to seek damages for performance of the contract, rather than sue for rescission or abandonment, they have elected their remedy and cannot seek redress for quasi-contract. In Clark-Fitzpatrick, 521 N.Y.S.2d @ 656, the Court held that: "a party cannot maintain a claim for unjust enrichment while there is an express contract governing the same subject matter."

In sum, plaintiffs' reliance upon a claim for breach of contract and damages precludes claims sounding in quasi-contract. As such, it is respectfully maintained that Count VI for quantum meruit and Count VII for unjust enrichment must be dismissed against Prem.Air New York, Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, Prem.Air Group LLC, Koutsos and Berkowitz.

---

[4] Complaint, para. 70, p. 16.

**III.    COUNT VIII OF THE COMPLAINT SEEKING TO PIERCE THE CORPORATE VEIL TO IMPOSE LIABILITY UPON KOUTSOS AND BERKOWITZ MUST SIMILARLY BE DISMISSED**

In Count VIII of the Complaint, plaintiffs' baldly and conclusorily allege that Koutsos and Berkowitz exercised dominion and control over Prem.Air New York, Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, Prem.Air Group LLC, failed to maintain corporate formalities, commingled assets, used defendants' funds for personal use and, that as a result, damage was caused to Heimstaedt and Korte.

At the outset, although plaintiffs' employed every "buzz" word associated with piercing the corporate veil, the Complaint contains absolutely no specific facts that would satisfy the heavy burden required of a party seeking to pierce the corporate veil under New York law. TNS Holdings, Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 339, 680 N.Y.S.2d 891, 893 (1998). Moreover, as stated above in Twombly, 127 S. Ct. @ 1965, the mere "formulaic recitations" of the elements of a cause of action are insufficient to defeat a Rule 12(b)(6) motion. As the court found in Smith, 2008 U.S. Dist. LEXIS, *4-*5: "the court need not accord 'legal conclusions, deductions or opinions couched as factual allegations … a presumption of truthfulness.'" (Quotation omitted).

Further, the bar to piercing the corporate veil applies equally to limited liability companies pursuant to N.Y. Limited Lab. Co. Law Section 609. Retro polis, Inc. v. 14th St. Dev. LLC, 17 A.D.3d 209, 210, 797 N.Y.S.2d 1, 2 (1st Dep't), *appeal denied,* 6 N.Y.3d 702 (2005). As such, Koutsos and Berkowitz seek dismissal of Count VIII seeking to pierce the corporate veil and imposing personal liability upon them for the alleged acts of Prem.Air New York, Prem.Air Group of New York LLC, f/k/a McQuay New York LLC and Prem.Air Group LLC.

9

Although plaintiffs' attempt to hold Koutsos and Berkowitz personally liable for defendants' alleged debts, the Complaint is notable for its absence of a single specifically detailed factual allegation in support of piercing the corporate veil. Plaintiffs' Complaint contains no sufficiently particularized statements warranting deviation from the long-standing rule that a corporation is a separate legal entity and its owners are not liable for the debts of the corporation. Further, it is entirely permissible in New York to incorporate for the purpose of limiting shareholder liability. Morris v. New York State Dep't of Taxation and Fin., 82 N.Y.2d 135, 140, 603 N.Y.S.2d 807, 810 (1993). Moreover, "it is well settled that New York courts are reluctant to disregard the corporate entity." William J. Wrigley Jr. Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989).

Piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the subject transaction; and, (2) that such domination was used to commit a fraud or wrong against the plaintiff that resulted in plaintiff's injury. Morris, 603 N.Y.S.2d at 810-11.

Furthermore, courts impose a "heavy burden" upon a plaintiff seeking to pierce the corporate veil. TNS Holdings, 680 N.Y.S.2d at 893.

In the present matter, the complaint is wholly devoid of any allegations of the most essential element: control. Eastern States Elec. Contractors, Inc. v. Crow Constar. Co., 153 A.D.2d 522, 523, 544 N.Y.S.2d 600, 601-602 (1st Dep't 1989); Musman v. Modern Deb. Inc., 50 A.D.2d 761, 762, 377 N.Y.S.2d 17, 20 (1st Dep't 1975). It is "necessary to show a perversion of the privilege to do business in the corporate form." Berkey v. Third Ave. Ry. Co., 244 N.Y. 84, 95, 155 N.E. 58, 61 (1926).

Plaintiffs' barebones averments are devoid of a factually particularized showing that is required to pierce the corporate veil.

Even accepting the factual allegations of the Complaint as true, in light of the heavy burden placed upon a party seeking to pierce the corporate veil, and the absence of <u>any</u> specific and detailed allegations in the complaint averring either actual dominion or control of defendants by Koutsos or Berkowitz, Count VIII of the Complaint should be dismissed under Rule 12(b)(6).

**POINT II**

**COUNT V OF THE COMPLAINT FOR FAILURE
TO PLEAD FRAUD WITH PARTICULARITY
AS REQUIRED BY FED. R. CIV. PROC. 9(b)**

Finally, Count V of plaintiffs' Complaint alleging fraud by Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, Prem.Air Group LLC, Koutsos and Berkowitz fails for the barebones and conclusory allegations that fail to satisfy the well-established pleading requirements set forth in FRCP 9(b). Furthermore, since the only fraud alleged in plaintiffs' Complaint relates to the alleged breach of contract claim, Count VIII should be dismissed in accordance with New York law.

**I.     PLAINTIFFS' FRAUD CLAIM MUST BE DISMISSED FOR
       FAILURE TO PLEAD IN ACCORDANCE WITH RULE 9(b)**

Rule 9(b) states as follows:

Rule 9. PLEADING SPECIAL MATTERS

(b) Fraud or Mistake; Condition of Mind.
In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

As the Court found in <u>Suez Equity Inv., L.P. v. Toronto-Dominion Bank</u>, 250 F.3d 87, 95 (2d Cir. 2001):

11

> Rule 9(b) of the Fed. R. Civ. Pro. Governs the pleading of fraud claims and it requires that plaintiff plead fraud with particularity. We have explained that this standard imposes an obligation on plaintiff to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state where and when the statements were made, and identify those responsible for the statements.' *Quoting,* <u>Cosmas v. Hassett</u>, 886 F.2d 8, 11 (2d Cir. 1989).

Once again, plaintiffs' Complaint is wholly deficient as it pertains to the pleading requirements of Rule 9(b). Plaintiffs' allegations of Fraud and Misrepresentation are set forth in summary as follows:

1,    Plaintiffs and defendants entered into a contract that provided that plaintiffs would provide sales services, which would be paid for by defendants.[5]

2.    Since defendants had no intention of paying plaintiffs at the time the agreement was entered into, defendants misrepresented their intentions.[6]

3.    Plaintiffs justifiably relied upon defendants' alleged promises of payment.[7]

4.    Plaintiffs were damaged by defendants wrongdoing.[8]

It can easily be inferred from the substance of plaintiffs' allegations that they have failed to comport with Rule 9(b). The allegations are wholly bereft of factual detail including the nature of the fraud and the circumstances constituting the same to provide defendants with fair notice of the claims. <u>O'Brien v. National Prop. Analysts Partners</u>, 936 F.2d 674, 676 (2d Cir. 1991).

The allegations of fraud and misrepresentation merely parrot their breach of contract claim. Even assuming the truth of the face of the complaint, there are no averments constituting fraudulent statements, plaintiffs have failed to identify the alleged speaker or when they were

---

[5]  Complaint, para. 60, p. 14.
[6]  Complaint, para. 61, p. 14.
[7]  Complaint, para. 62, p. 14.

12

made.

In order to satisfy the particularity requirements of Rule 9(b) in a pleading, the plaintiffs are required to set forth both the misleading statement and the reason why the statement is misleading in the context of the claim. <u>Rombach v. Chang</u>, 355 F.3d 164 (2d Cir. 2004).

In the present matter, plaintiffs have utterly failed to plead fraud with particularity warranting dismissal of Count V under the prevailing law.

## II.    PLAINTIFFS' FRAUD CLAIM DOES NOT EXIST SEPARATELY FROM ITS BREACH OF CONTRACT CLAIM (COUNT IV)

In <u>Metropolitan Transp. Auth. v. Triumph Adv. Prods., Inc.</u>, 116 A.D.2d 526, 527, 497 N.Y.S.2d 673, 675, (1st Dep't 1986), the court cogently stated the prevailing law of New York: "[t]he courts of this State have consistently held since *Briefstein v. Rotondo Constr. Co. (8 A.D.2d 349, 351)* that a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract." (Citations omitted).

The court in <u>Scott v. KeyCorp.</u>, 247 A.D.2d 722, 725, 699 N.Y.S.2d 76, 79 (3rd Dep't 1998), aptly summarized the unavailability of relief sounding in negligence when the genesis of the action emanates from the breach of a contract:

> A breach of contract claim cannot be converted into a tort action absent the violation of a legal duty independent of that created by the contract. *See* <u>Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.</u>, 70 N.Y.2d 382, 389; <u>Fourth Branch Assocs. Mechanicville v. Niagara Mohawk Power Corp.</u>, 235 A.D.2d 962, 963-964; <u>Wegman v. Dairylea Coop</u>, 50 A.D.2d 108, 112, *appeals dismissed* 38 N.Y.2d 710, 718. Plaintiff has failed to allege either a duty or special relationship with [Koutsos] distinguishable from the contract itself. *See e.g.,* <u>Murphy v. Kuhn</u>, 90 N.Y.2d 266, 270.

---

[8] Complaint, para. 63, p. 14.

13

The type of special relationship or duty required to simultaneously sue for a claim based upon negligence "requires a closer degree of trust than an ordinary business relationship." <u>Fleet Bank v. Pine Knoll Corp.</u>, 290 A.D.2d 792, 795, 736 N.Y.S.2d 737, 741 (3rd Dep't 2002).

In addition, the Court found in <u>Clark-Fitzpatrick</u>, 521 N.Y.S.2d at 656-657:

> This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract. *Citing,* <u>Rich v. New York Cent. & Hudson Riv. R.R. Co.</u>, 87 N.Y. 382, 398.

Plaintiffs' Complaint is wholly devoid of any allegations of a special relationship with any of the defendants.. To the contrary, Heimstaedt and Korte acknowledge that Prem.Air Group of New York LLC (f/k/a McQuay New York LLC) was primarily responsible for the payment of his purported commissions. Thus, no special relationship can be found to exist with Prem.Air Group LLC, Koutsos or Berkowitz.

Finally, where the fraud alleged is based upon a failure to perform promises in the future, it is deemed to be merely a breach of contract action. <u>Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd.</u>, 108 A.D.2d 607, 484 N.Y.S.2d 834, 835 (1st Dep't) *appeal dismissed,* 65 N.Y.2d 637 (1985).

The Count IV of the Complaint alleges breach of contract and the Count V of the Complaint sounds in fraudulent performance of the contract. No cause of action exists for fraudulent performance of a contract in the absence of the breach of an independent legal duty and the existence of a special relationship.

Since Count V of plaintiffs' Complaint fails to allege either an independent legal duty or a special relationship with defendants, it must be dismissed for failure to state a cause of action under FRCP 12(b)(6).

## <u>CONCLUSION</u>

Based upon the foregoing, it is respectfully maintained that the instant motion to dismiss the aforementioned counts of the First Amended Complaint be granted as set forth in the Notice of Motion pursuant to Fed. R. Civ. P. 12(b)(b) and 9(b).

Dated: New York, New York
         October --, 2007

                                        Respectfully submitted,

                                        **ARTHUR J. SEMETIS, P.C.**
                                        *Attorneys for Defendants*
                                        *Attorneys for Prem.Air Group of*
                                        *New York LLC f/k/a McQuay*
                                        *New York LLC, Prem.Air Group,*
                                        *LLC, George Koutsos i/n/a*
                                        *George Koutssos, Eric Berkowitz,*
                                        *Prem.Air NY 401(k) Profit Sharing*
                                        *Plan f/k/a McQuay New York LLC*
                                        *401(k) Profit Sharing Plan i/n/a*
                                        *McQuay New York Profit Sharing*
                                        *Plan, and XYZ Trustees of the*
                                        *Prem.Air NY 401(k) Profit Sharing*
                                        *Plan f/k/a McQuay New York,*
                                        *LLC 401(k)Profit Sharing Plan*


                                                    /s/
                                        By: _____
                                             Arthur J. Semetis, Esq.
                                             Shannon P. Gallagher, Esq.
                                        286 Madison Avenue, 14th Floor
                                        New York, New York 10017
                                        Telephone: (212) 557-3000

<u>CERTIFICATE OF SERVICE</u>

          **CONSTANTINE T. TZIFAS**, an attorney duly admitted to practice before United States District Court for the Eastern District of New York affirms under the penalties of perjury:

          On February 21, 2008, deponent served the within MEMORANDUM OF LAW upon:

          Randi W. Kochman, Esq.
          Cole Schotz Meisel Forman & Leonard. P.A.
          25 Main Street
          P.O. Box 800
          Hackensack, New Jersey 07602-0800

by delivering true copies, via Federal Express overnight mail, of same to the above addresses.

          /s/
          _____
          Constantine T. Tzifas

16