UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

DONALD HEIMSTAEDT and TODD KORTE,

    Plaintiffs,

-against-

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP OF NEW YORK, LLC, PREM.AIR GROUP, LLC, MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS, ERIC BERKOWITZ, MCQUAY NEW YORK, LLC 401(K) PROFIT SHARING PLAN, and XYZ TRUSTEES OF THE MCQUAY NEW YORK, LLC 401(K) PROFIT SHARING PLAN,

    Defendants.

---

CIVIL ACTION NO. 07 CV 9389 (JSR)

**AFFIDAVIT OF DONALD HEIMSTAEDT IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN COUNTS OF THE FIRST AMENDED COMPLAINT**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

    DONALD HEIMSTAEDT, being duly sworn, according to law, upon his oath, deposes and says that:

    1.    I am a Plaintiff in the above matter, along with Todd Korte (collectively, "Plaintiffs"), and was an employee of Defendant McQuay New York, LLC ("McQuay"), later known as Prem.Air Group of New York, LLC ("Prem.Air" or the "Company") from December 1999 to March 29, 2007. I submit this Affidavit in opposition to the motion filed by Defendants, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, George Koutsos ("Koutsos") and Eric Berkowitz ("Berkowitz")(all Defendants are collectively referred to as "Defendants" and

Koutsos and Berkowitz shall be referred to as the "Individual Defendants"), seeking to dismiss certain Counts of the First Amended Complaint.

**Prem. Air Group, LLC**

2.    I began employment with McQuay (now known as Prem.Air) in December 1999. During my employment with Prem.Air, I was aware of the existence of other Prem.Air companies, namely Prem.Air New York, LLC and Prem.Air Group, LLC.

3.    As alleged in the First Amended Complaint, Defendants had a practice of treating the Prem.Air companies interchangeably. In fact, all of the companies were operated out of 43-24 21st Street, Long Island City, New York 11101. It is also my understanding that the Individual Defendants, up until Berkowitz left the Prem.Air companies, both held ownership and officer and director positions in the Prem.Air companies.

4.    Defendants' motion only confuses the issue of which Prem.Air entity was my employer. In a letter dated April 2, 2007, Defendant Koutsos wrote to me confirming my termination of employment. In such letter, Koutsos wrote: "This shall confirm your employment with <u>Prem.Air New York, LLC</u> is hereby terminated effective immediately" (emphasis added.) (Attached hereto as Exhibit "A" is a true copy of Koutsos's April 2, 2007 letter.) Accordingly, Koutsos' Affidavit, in which he states that I entered into my oral employment agreement with Defendant <u>Prem.Air Group of New York, LLC</u> is inconsistent with my termination letter.

5.    Defendants claim that Prem.Air Group, LLC should be dismissed from this case because this company was not formed until May 31, 2006. My employment with the Prem.Air entities, however, did not end until almost a year later and it is not clear to me whether my agreement as to commissions (my claim for which provides the basis of this litigation), ran only

to Prem.Air or also to Prem.Air Group, LLC. I also believe that Prem.Air Group, LLC has and is enjoying much of the profits on which my claim for commissions is based.

6. Given the close and intermingled relationship between Prem.Air, Prem.Air New York, LLC, and later Prem.Air Group, LLC, as well as Defendants' practice of operating these groups interchangeably, I respectfully request that the Court allow Plaintiffs an opportunity to take discovery on the status and operations of Prem.Air Group, LLC and its relationship to the other Prem.Air entities.

**Defendants Fraudulently Induced Plaintiffs to Continue Their Employment**

7. When I was hired by Prem.Air, the Individual Defendants promised me that I would receive a 50/50 split of: (1) all commissions on McQuay equipment sales; and (2) profits on all Buy/Sells Orders (where the Company resold purchased equipment and services at a marked-up price).

8. During my employment, almost every time I received my monthly compensation statement (which rarely reflected payment of the full commissions owed me), I went to the Individual Defendants to complain. On all such occasions, which took place at the Company's offices, the Individual Defendants acknowledged to me that Prem.Air still owed me commissions and they repeatedly represented to me that "we'll get it straightened out" and not to worry, that they would pay me what was due me.

9. As the years progressed, I began to suspect that I might never be paid what was owed to me, despite the Individual Defendants' representations and assurances to the contrary. I finally left Prem.Air's employment and retained my attorneys to contact Defendants and attempt to obtain what was owed me. As we were unsuccessful in obtaining such payment, I was forced to commence this lawsuit.

44630/0001-1512423v2

10. I relied on the Individual Defendants' misrepresentations that they would "straighten out" the non-payment issue and make payment of what was owed me by continuing to work in good faith for the Defendants while continuing to accrue additional commissions that went unpaid in full.

11. It is clear to me that the Individual Defendants sought to benefit personally from my successes (I was ranked nationally as the #1 Salesman for McQuay International for Years 2004 and 2006, and was ranked #2 nationally for 2005) by misrepresenting their intentions to pay me in full in order to induce my continued employment with them and take advantage of my sales.

12. The Individual Defendants should not be permitted to benefit at my expense by their intentional misrepresentations to me.

13. Furthermore, had the Individual Defendants not induced me by their misrepresentations, I would have left Prem.Air's employment even earlier to pursue other opportunities.

**Defendants' Disregard of the Corporate Form Should Allow Plaintiffs to Pursue Their Piercing the Corporate Veil Claim**

14. During my employment, I (and other Prem.Air salespeople including Todd Korte) worked solely on a commissioned basis. Pursuant to my agreement with Defendants, I was paid purely on a commissioned basis for my sales of HVAC products and services. This case is based on Defendants' failure to pay me and Korte for substantial commissions due and owing to us.

15. During my nearly eight (8) years of employment, Defendants consistently failed to pay commissions to me, Korte, and other salespeople. To justify this breach, Defendants constantly claimed that the Company did not have any money. At the same time that Defendants were claiming that the Company lacked funds to pay its salespeople commissions, it is my

understanding that the Individual Defendants were using the Prem.Air companies as their personal piggybanks.

16. By way of example, from speaking with other Prem.Air employees including numerous former Prem.Air controllers and accountants, it is my understanding that Koutsos used Company funds to pay for his children's private schools and that the Individual Defendants used the Company credit card to pay personal expenses on a monthly basis. I also understand that Koutsos regularly took money from Prem.Air to send to his personal bank account in Greece. In particular, I understand that in late 2006, Koutsos took at least $400,000 out of Prem.Air and sent it to his personal account in Greece. I was also informed that within the past few years, Prem.Air (or one of the Prem.Air companies) received $500,000 for a job that it did for Con Edison. My understanding is that this payment was deposited directly into Koutsos's personal bank account rather than that of Prem.Air.

17. It is because of my understanding that the Individual Defendants have used Company funds for their own personal benefit and have commingled funds among the corporate Defendants on a regular basis that Plaintiffs have asserted a claim to pierce the corporate veil. It is only fair that all Defendants be held responsible for their failure to pay me and Korte commissions for which we worked and are entitled. For these reasons, I respectfully request that the Court deny Defendants' motion to dismiss in its entirety.

DONALD HEIMSTAEDT

Sworn to me before me this
6 day of March, 2008

Notary Public, State of New York

ILENE AYANA SCOTT
Notary Public - State of New York
NO. 01SC4655963
Qualified In New York County
My Commission Expires 8/31/09

44630/0001-1512423v2