UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DONALD HEIMSTAEDT and TODD KORTE,<br><br>Plaintiffs,<br><br>-against-<br><br>PREM.AIR NEW YORK, LLC, PREM.AIR GROUP OF NEW YORK, LLC, PREM.AIR GROUP, LLC, MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS, ERIC BERKOWITZ, MCQUAY NEW YORK, LLC 401(K) PROFIT SHARING PLAN, and XYZ TRUSTEES OF THE MCQUAY NEW YORK, LLC 401(K) PROFIT SHARING PLAN,<br><br>Defendants. | CIVIL ACTION NO. 07 CV 9389 (JSR)<br><br>**AFFIDAVIT OF TODD KORTE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CERTAIN COUNTS OF THE FIRST AMENDED COMPLAINT** |

---

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

TODD KORTE, being duly sworn, according to law, upon his oath, deposes and says that:

1. I am a Plaintiff in the above matter, along with Donald Heimstaedt ("Heimstaedt" and collectively, "Plaintiffs"), and was an employee of Defendants McQuay New York, LLC ("McQuay"), later known as Prem.Air Group of New York, LLC ("Prem.Air" or the "Company"), from June 1999 to January 2006. I submit this Affidavit in opposition to the motion filed by Defendants, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, George Koutsos ("Koutsos") and Eric Berkowitz ("Berkowitz") (all Defendants are collectively referred

to as "Defendants" and Koutsos and Berkowitz shall be referred to as the "Individual Defendants"), seeking to dismiss certain Counts of the First Amended Complaint.

**Defendants Fraudulently Induced Plaintiffs to Continue Their Employment**

2. When I was hired by Prem.Air, the Individual Defendants promised me that I would receive a 50/50 split of: (1) all commissions on McQuay equipment sales; and (2) profits on all Buy/Sells Orders (where the Company resold purchased equipment and services at a marked-up price).

3. In or about 2001, I sold a project to Winston Towers in Cliffside Park, New Jersey, for a total contract price of $2,935,948.00. In connection with that project, I acted not only as salesman but also as project manager to ensure that the units were installed properly. I managed all the equipment purchasing, shipments, coordinated the entire installation of approximately 2,500 units (over a ten month period), generated all invoices, and collected the payments. To this day, I have not received anything close to the full commission due to me on this job.

4. From the completion of that project, up until the last date of my employment, almost every time I received my monthly compensation statement (which never reflected the payment of the full commissions owed me on the Winston Towers project and other sales), I went to Defendants to complain. On all such occasions, which took place at the Company's offices, the Individual Defendants acknowledged to me that Prem.Air still owed me commissions and they repeatedly represented to me that "we'll get it straightened out" and not to worry, that they would pay me what was due me.

5. Though I had my suspicions as the years progressed that I might never be paid what was owed to me, it became clear once I left Prem.Air's employment that Defendants never

intended to pay me in full for the commissions owed me. Once I left Prem.Air, the Individual Defendants failed to return my phone calls or emails or otherwise respond to my inquiries regarding their failure to pay what was due – in stark contrast to their responsiveness and earlier representations during the course of my employment that they did, in fact, owe me commissions and would make sure it all got straightened out.

6. I relied on the Individual Defendants' misrepresentations that they would "straighten out" the non-payment issue and make payment of what was owed me by continuing to work in good faith for the Defendants while continuing to accrue additional commissions that, like those due on the Winston Towers project, went unpaid in full.

7. It is clear to me that the Individual Defendants sought to benefit personally from my successes (I was McQuay NY Salesmen of the Year in 2003) by misrepresenting their intentions to pay me in full in order to induce my continued employment with them and take advantage of my sales.

8. The Individual Defendants should not be permitted to benefit at my expense by their intentional misrepresentations to me.

9. Furthermore, had the Individual Defendants not induced me by their misrepresentations, I would have left Prem.Air's employment even earlier to start my own business and undoubtedly would have earned more than I earned by continuing to work for Defendants.

**Defendants' Disregard of the Corporate Form Should Allow Plaintiffs to Pursue Their Piercing the Corporate Veil Claim**

10. During my employment, I (and other Prem.Air salespeople including Heimstaedt) worked solely on a commissioned basis. Pursuant to my agreement with Defendants, I was paid purely on a commissioned basis for my sales of HVAC products and services. This case is based

on Defendants' failure to pay me and Heimstaedt for substantial commissions due and owing to us.

11. During my nearly seven (7) years of employment, Defendants consistently failed to pay commissions to me, Heimstaedt, and other salespeople. To justify this breach, Defendants constantly claimed that Prem.Air did not have any money. At the same time that Defendants were claiming that Prem.Air lacked funds to pay its salespeople commissions, it is my understanding that the Individual Defendants were using Prem.Air as their personal piggybanks.

12. By way of example, from speaking with other Prem.Air employees including numerous former Prem.Air controllers and accountants, it is my understanding that the Individual Defendants used the Company credit cards to pay personal expenses on a monthly basis. I was also told that Koutsos used Company funds to pay for his children's private schools and he took money out of Prem.Air for use in building a hotel that he owns in Greece. Finally, it is my understanding that Koutsos owns, through another company, the Long Island City building in which the Prem.Air companies operate and has spent Company funds to pay the contractors who built the building.

13. It is because of my understanding that the Individual Defendants have used Prem.Air funds for their own personal benefit and have commingled funds among the corporate Defendants on a regular basis that Plaintiffs have asserted a claim to pierce the corporate veil. It is only fair that all Defendants be held responsible for their failure to pay me and Heimstaedt commissions for which we worked and are entitled. For these reasons, I respectfully request that the Court deny Defendants' motion to dismiss in its entirety.

_____
TODD KORTE

Sworn to me before me this
6th day of March, 2008

_____
Notary Public, State of New York

```
ARNOLIO COLORADO
Notary Public, State of New York
No. 01CO4977185
Qualified in Queens County
My Commission Expires 01-28-2011
```

5

44630/0001-2378472v2