UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
DONALD HEIMSTAEDT and TODD KORTE,

                Plaintiffs,

-against-

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(k) PROFIT
SHARING PLAN,

                Defendants.
---------------------------------------------------------------X

Civil Action No.: 07 CIV 9389 (JSR)

**REPLY AFFIDAVIT OF**
**GEORGE KOUTSOS**

STATE OF NEW YORK    )
                             )ss.:
COUNTY OF NEW YORK  )

      **GEORGE KOUTSOS**, being duly sworn, deposes and says that:

      1.    I am the managing member of defendant Prem.Air Group of New York LLC and defendant Prem.Air Group LLC, and I am also a defendant in this action in my individual capacity.

      2.    I submit this affidavit in further support of the motion pursuant to the Fed. Rules Civ. Proc. 12 (b)(6) and (9)(b) which seeks the following relief:

      (i)    Defendant Prem.Air Group LLC seeks dismissal of the Fourth Count of the First Amended Complaint sounding in breach of contract on the grounds that it was not a party to the oral contracts that are the subject to the Complaint since it was not legally formed until May 21, 2006, and that neither plaintiff was ever employed by this separate limited liability company;

(ii) Defendants Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), Prem.Air Group LLC, George Koutsos and Eric Berkowitz seek dismissal of the Fifth Count of the First Amended Complaint sounding in Fraud and Misrepresentation for failure to satisfy the pleading requirements of Fed. R. Civ. P. 9(b);

(iii) Defendant Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), Prem.Air Group LLC, George Koutsos and Eric Berkowitz seek dismissal of the Sixth and Seventh Counts of the First Amended Complaint sounding in Quantum Meruit and Unjust Enrichment based upon the unavailability of this relief in an action based upon contract; and

(iv) Defendants George Koutsos and Eric Berkowitz also seek dismissal of the Eighth Count of the First Amended Complaint seeking to Pierce the Corporate Veil for plaintiffs' failure to adequately plead the requisite elements of the same in their Complaint.

**Prem.Air Group LLC**

3. Plaintiffs do not deny the fact that they were never employed by Prem.Air Group LLC, that they placed no orders through Prem.Air Group LLC, and that they received no payments or tax statements from Prem.Air Group LLC.

4. Prem.Air Group LLC has had no sales or revenues, and its has not transacted any business. Importantly, the plaintiffs have not and can not allege otherwise.

**Prem.Air New York LLC**

5. The entity known as Prem.Air New York LLC does not exist. Plaintiffs' repeated claims that such an entity exists exemplifies their willingness to make baseless statement in support of their claims.

6. The plaintiffs have impermissibly submitted before this Court one letter dated April 2, 2007 as their sole justification to continue with their action against this non-existing entity.

7. My use of Prem.Air New York LLC in the body of the one letter was a typographical error. The letter was properly executed by me as the President of Prem.Air Group of New York LLC, and Mr. Heimstaedt was thereby terminated from his employment with Prem.Air Group of New York LLC. The header of this letter, "Prem.Air New York," is merely the trade name used by Prem.Air Group of New York LLC.

8. At all relevant times, Messers. Heimstaedt and Korte were employees of Prem.Air Group of New York LLC, and no other entity. I am attaching herewith as Exhibit 1 copies of the 2004/2005 W-2s of plaintiffs which were inadvertently omitted from the original electronically filed motion.

**The Corporate Veil Should Not Be Disregarded**

9. In their attempt to make a claim to disregard the corporate veil, the plaintiffs rely on wild unsubstantiated hearsay and false statements.

10. An example of one such false statement is that a Con Edison payment was diverted to my personal account. Attached hereto as Exhibit 2 is a copy of the check and deposit ticket reflecting the deposit into the McQuay New York LLC account. As the Court will recall, Prem.Air Group of New York LLC was formerly known as McQuay New York LLC.

11. All payments by Prem.Air Group of New York LLC were properly made. Prem. Air Group of New York LLC is a viable solvent company which is entering into new contracts in excess of five million dollars in the aggregate each month. It is paying its undisputed expenses in the regular course of business and there is no reason to believe that it could not pay any of its

obligation in the future. Moreover, the plaintiffs have failed to cite any reason why Prem.Air Group of New York LLC would or could not meet its obligations.

12. For these reasons, the relief requested in the Notice of Motion dated February 21, 2008 should be granted in its entirety.

Dated: New York, New York
       March 12, 2008



George Koutsos

State of: New York

County of: Queens

I, Darla S. Babcock, notary public for the State of New York, hereby certify that on the 12th day of March, in the year 2008, in the aforesaid county, personally appeared before me George J. Koutsos, who is personally known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the said instrument for the purpose therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand (and affixed my official seal).

**DARLA S. BABCOCK**
Notary Public of New York
No. 01BA5072077
Qualified in Queens County
Commission Expires Jan. 21, 20_11_

asdoc:c\prem.air-heimstadt-korte.reply affid(koutsos)