UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONALD HEIMSTAEDT and TODD KORTE,

                *Plaintiffs,*                  Civil Action No.: 07 CIV 9389 (JSR)

   *-against-*

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(k) PROFIT
SHARING PLAN,

                *Defendants.*
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' PREM.AIR GROUP OF NEW YORK LLC
(f/k/a McQUAY NEW YORK LLC), PREM.AIR GROUP LLC,
GEORGE KOUTSOS (i/n/a (GEORGE KOUTSSOS) AND
ERIC BERKOWITZ'S MOTION TO DISMISS**

**ARTHUR J. SEMETIS, P.C.**
Attorneys for *Defendants*
*Prem.Air Group of New York LLC f/k/a McQuay New York LLC,
Prem.Air Group, LLC, George Koutsos i/n/a George Koutsssos,
Eric Berkowitz, Prem.Air NY 401(k) Profit Sharing Plan f/k/a
McQuay New York LLC 401(k) Profit Sharing Plan i/n/a McQuay
New York Profit Sharing Plan, and XYZ Trustees of the Prem.Air
NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC
401(k) Profit Sharing Plan*
286 Madison Avenue
14th Floor
New York, NY 10017
(212) 557-5055

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………………..i

PRELIMINARY STATEMENT…………..…..……………………………………………….1

LEGAL ARGUMENTS:

POINT I

     PLAINTIFFS' IMPROPERLY ATTEMPT TO INTRODUCE
     AFFIDAVITS TO THIS COURT TO SUPPLEMENT THE
     FATAL PLEADING DEFICIENCIES OF THE COMPLAINT ...…………………...…1

POINT II

     NO BREACH OF CONTRACT CLAIM CAN STAND
     AS TO NON-PARTIES TO THE CONTRACT…....………………………....….…3

POINT III

     PLAINTIFFS' INSUFFICIENT PLEADING SEEKING TO PIERCE
     THE CORPORATE VEIL MUST NOT BE SANCTIONED…....………………………4

POINT IV

     UNDER FED. R. CIV. P. 9(b), PLAINTIFFS' HAVE
     FAILED TO PLEAD A CLAIM FOR FRAUD...………………….....………………7

POINT V

     PLAINTIFFS' REQUEST TO FILE A SECOND AMENDED
     PLEADING SHOULD BE DENIED AT THIS POINT...…………………....……….8

POINT VI

     PLAINTIFFS HAVE NOT STATED A PROPER
     CLAIM FOR QUASI-CONTRACT...………………….....………………………9

CONCLUSION………………………………………..…………..……………..…10

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

Alter v. Bogoricin, 1997 U.S. Dist. LEXIS 17369, at *10 (S.D.N.Y.1997)………………2, 5, 6, 8

In re Am. Express Co. Shareholder Lit., 39 F.3d 395, 399 (2d Cir. 1994) ………………..…...9

Confederate Mem. Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) ……………..….…......9

Dalton v. Union Bank of Switzerland, 134 A.D.2d
174, 176, 520 N.Y.S.2d 764, 766 (1st Dep't 1987) ……………………….…..…………..7

Goldblatt v. Englander Communications, LLC,
2007 WL 148699 6 (S.D.N.Y. 2007) ……………………………………………….…….6

Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) ……………………….……………….…..2

Fonte v. Board of Mgrs. of Continental Towers Condo.,
848 F.2d 24, 25 (2d Cir. 1988) ……………………………………………….….…………1

Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) …….…………………………….…1

Giordano v. Thomson, 438 F. Supp. 2d 35, 49 (E.D.N.Y. 2005) ..….………………………...6

Gregory v. Daly, 243 F. 3d 687 (2d Cir. 2001) …….……………...….……………..5

Mass v. McClenahan, 893 F. Supp. 225, 234 (S.D.N.Y. 1995) …….………………....…..5

Morris v. New York State Dep't of Taxation and Fin.,
82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993) …………………………………………………...6

North American Dev., Inc. v. Shahbazi, 1996 U.S. Dist. LEXIS 7784,
No. 95-4803, 1996 WL 306538, at *5 (S.D.N.Y. June 6, 1996) ….………………………....2

Terra Resources I v. Burgin,
1986 U.S. Dist. LEXIS 27233, at *16 (S.D.N.Y. 1986) ….……………….……….......2

Treeline Mineola, LLC v. Berg, 21 A.D.3d 1028 (2d Dep't 2005) ….……………………...5

Winters v. Meyer, 42 F. Supp. 82, 86 (S.D.N.Y. 2006) ……..…………….………...1

Wm. Passalacqua Bldrs., Inc. v. Resnick Dev. South, Inc.,
933 F.2d 131, 137 (2d Cir. 1991) …………….……………….……………….…………..5

Wm. J. Wrigley Jr Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989) ……………..………………6

**Statutes**

Fed. R. Civ. P. 8(a) …………….……………….……………….……………….…….…………… 2, 5

Fed. R. Civ. P. 12(b)(6) ….……………….……………….……………….…………..…………..1, 2, 5

Fed. R. Civ. P. 15(a)(2) …………….……………….……………….…………..……………………8

Fed. R. Civ. P. 56………………….……………….……………….……………….…………………..1

**PRELIMINARY STATEMENT**

This memorandum of law is submitted by defendants, Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), Prem.Air Group LLC, George Koutsos (i/n/a Koutssos) ("Koutsos") and Eric Berkowitz ("Berkowitz") (collectively, "Defendants"), in further support of their motion to dismiss certain denominated Counts of the First Amended Complaint ("Complaint") of plaintiffs, Donald Heimstaedt ("Heimstaedt") and Todd Korte ("Korte").

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFFS' IMPROPERLY ATTEMPT TO INTRODUCE AFFIDAVITS TO THIS COURT TO SUPPLEMENT THE FATAL PLEADING DEFICIENCIES OF THE COMPLAINT**

In a misguided attempt to buttress the insufficiency of the Complaint's pleadings, plaintiffs attempt to introduce the unsubstantiated, hearsay affidavits of Donald Heimstaedt, sworn to on the 6th day of March 2007, with the exhibit annexed thereto ("Heimstaedt Aff."), and the affidavit of Todd Korte, sworn to on the 6th day of March 2007 ("Korte Aff."). Under the express language of Fed. R. Civ. P. 12(b)(6), all matters outside of the pleadings, such as affidavits, are excluded from consideration by the court unless the court converts the motion to one for summary judgment under Fed. R. Civ. P. 56. Winters v. Meyer, 42 F. Supp. 82, 86 (S.D.N.Y. 2006).

"When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either 'exclude all additional material and decide the motion on the complaint itself' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all of the parties an opportunity to present supporting material'". Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) quoting, Fonte v. Board of Mgrs. of Continental Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988).

It is well established that "on a motion to dismiss, a court generally may not consider the contents of documents that are extraneous to the complaint." Alter v. Bogoricin, 1997 U.S. Dist. LEXIS 17369, at *10 (S.D.N.Y.1997) *citing,* North American Dev., Inc. v. Shahbazi, 1996 U.S. Dist. LEXIS 7784, No. 95-4803, 1996 WL 306538, at *5 (S.D.N.Y. June 6, 1996). In Alter, since the plaintiff's employment agreement was integrally related to the allegations of the complaint, but the plaintiff failed to attach the same to its complaint, the Court agreed to review said agreement in determining the motion to dismiss. Alter, 1997 U.S. Dist. LEXIS 17369, at *11.

Even if the court were to consider materials outside of the pleadings, it is a prerequisite "that no dispute exists regarding the authenticity or accuracy of the documents." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006). In the present case, Heimstaedt and Korte make several averments in support of piercing the corporate veil based upon allegations that Defendant Koutsos abused that corporate form that they "were told by" colleagues or that they "understood". Even accepting the liberal pleading requirements contained in Fed. R. Civ. P. 8(a) on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the statements in these affidavits are neither accurate, nor authentic.[1]

Finally, in their memorandum of law at pg. 7, Plaintiffs suggest that since "they are entitled to take discovery … these claims should not be dismissed at this early stage". It is preposterous to suggest that Plaintiffs need discovery to properly plead a claim of fraud or to seek to pierce the corporate veil in a complaint that has already been served and filed. Plaintiffs should be in the best position to know, and to have pleaded upon personal knowledge, the Defendants' purported misrepresentations and alleged misdeeds before charging the same in a federal lawsuit. *See e.g.,* Terra Resources I v. Burgin, 1986 U.S. Dist. LEXIS 27233, at *16

---

[1] *See,* Koutsos Reply Aff., paras. 9-11, pp. 3-4.

2

(S.D.N.Y. 1986). In sum, based upon the pleading before the Court, Defendants are entitled to dismissal of those Counts of the Plaintiffs' Complaint as set forth in the Notice of Motion, dated February 25, 2008.

## POINT II
### NO BREACH OF CONTRACT CLAIM CAN STAND AS TO NON-PARTIES TO THE CONTRACT

As stated in the motion in chief,[2] Defendants Prem.Air Group LLC, Koutsos and Berkowitz seek dismissal of COUNT IV of the Complaint for breach of contract. In POINT II of Plaintiffs' memorandum of law, p.8, Plaintiffs maintain that the status of the Prem.Air entities is so unclear, that the breach of contract claim should remain as to Prem.Air Group LLC. This is patently false based solely on the allegations of the Complaint and requires dismissal under Fed. R. Civ. P. 12(b)(6).[3]

Plaintiffs have adequately pled a breach of contract claim exclusively against Prem.Air Group of New York LLC, f/k/a McQuay New York LLC. As set forth in paras. 4 and 5 of the Complaint, both Heimstaedt and Korte allege that during certain periods, they were both employed by McQuay New York LLC, which later amended its articles of organization to change its name to Prem.Air Group of New York, LLC. After an exhaustive search of corporate entities, and based upon the personal knowledge of Defendant Koutsos, Defendants have established that no entity known as Prem.Air New York LLC exists. (Semetis Aff'm, para, 5-7, p. 3; Koutsos Aff., paras. 5-8, pp. 2-3).

Moreover, as attested to in the affidavit of Joseph Salvator, sworn to on the 12th day of March 2008, Prem.Air Group LLC, the other entity joined as a defendant by Plaintiffs, while in

---

[2] Defendants' memo of law, pp. 5-6.
[3] Dismissal of the breach of contract claim (COUNT IV) as to Defendants Koutsos and Berkowitz will be treated at POINT II, *infra*.

3

existence since May 2006, had no business activity, no income, no sales, and no payments. (Salvator Aff., para. 5, p. 2). Defendants have also presented proof to this Court of the W-2 income that was paid by Prem.Air Group of New York, LLC to Plaintiffs for the years 2004 through 2006. Any suggestion that the Plaintiffs may have been employed by Prem.Air Group LLC is simply incredulous.

Further, in paras. 4 and 5 of the Complaint, Plaintiffs not only allege that they were employed by Prem.Air Group of New York, LLC, but that they were entitled to a certain commission structure, (para. 26) and benefits (paras. 4 and 5). Additionally, they described the extent of their employment duties. In sum, Plaintiffs seek recovery pursuant to a comprehensive employment agreement, that both Heimstaedt and Korte operated under for at least five (5) years, and whose terms were, for purposes of this motion, fully understood by Heimstaedt, Korte and Prem.Air Group of New York, LLC, and no other entity or person. As such, it is irrefutable that Plaintiffs have only stated a breach of contract claim against Prem.Air Group of New York, LLC. It is equally clear that Count IV of the Complaint should properly be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), as to Defendants Prem.Air Group LLC, Koutsos and Berkowitz.

## POINT III

### PLAINTIFFS' INSUFFICIENT PLEADING SEEKING TO PIERCE THE CORPORATE VEIL MUST NOT BE SANCTIONED

Plaintiffs erroneously contend that Defendants Koutsos and Berkowitz objected to the bare and conclusory allegations of COUNT VIII of the Complaint seeking to pierce the corporate veil under the standards of specificity required under Rule 9(b). Nowhere in Defendants' memorandum of law can this argument be found. In fact, the standards for piercing the corporate veil in Plaintiffs' memorandum of law simple restates the applicable standards set forth in

4

Defendants' memo of law.

Rather, Defendants' moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count VIII of the Complaint. Nonetheless, even under the liberal pleading standards of Fed. R. Civ. P. 8(a), bald and conclusory allegations are insufficient to state a claim. Gregory v. Daly, 243 F. 3d 687 (2d Cir. 2001).

As set forth in POINT I, *infra,* on a motion to dismiss under Rule 12(b)(6), consideration of Plaintiffs' affidavits is improper. However, even assuming the truth of the allegations in the affidavits, no cause of action can be stated to justify piercing the corporate veil. The Plaintiffs have not "established that the wrong allegedly committed against [them] -- breach of contract -- is related to any misuse of the corporate form. Mass v. McClenahan, 893 F. Supp. 225, 234 (S.D.N.Y. 1995). What is presented here is a plain and simple claim by Plaintiffs that they are owed commissions for certain sales made in the course of their employment with Prem.Air Group of New York LLC.  A simple breach of contract claim. This defendant disputes this claim. Plaintiffs' conclusory and inaccurate statements in their affidavits should not be permitted to vault their claim into one for which the corporate form must be disregarded.  "The corporate form is not lightly to be disregarded. [P]recedent is clear that courts will pierce the corporate veil only to prevent fraud, illegally, or to each equity." Treeline Mineola, LLC v. Berg, 21 A.D.3d 1028 (2d Dep't 2005). None of this is presented here. Further, while Plaintiffs make baseless claims against Koutsos, Plaintiffs' affidavits contain absolutely no specific instances of wrongdoing by Defendant Berkowitz, warranting the dismissal of Count VIII against each of them.

As the Court stated in Alter, 1997 U.S. Dist. LEXIS 17369, at *12: "New York courts are generally reluctant to rely on a claim that a corporation is the alter ego of its principals as a basis

5

for piercing the corporate veil (citations omitted); Wm. J. Wrigley Jr Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989). The facts in Alter are similar to the present matter. The Court did not address the first-prong of the piercing the corporate veil test, since the plaintiff wholly failed to demonstrate that the corporate domination was used to commit a fraud or wrong that caused injury to the party seeking to pierce the veil.1997 U.S. Dist. LEXIS 17369, at *13, *citing,* Morris, 82 N.Y.2d at 142-43, 603 N.Y.S.2d at 811. In other words, a party seeking to disregard the corporate form must "demonstrate that damages resulted from misuse of the corporate form." Giordano v. Thomson, 438 F. Supp. 2d 35, 49 (E.D.N.Y. 2005), *reconsideration and sanctions denied,* 2006 U.S. Dist. LEXIS 48371 (E.D.N.Y. 2006).

In support of its insufficient showing under the second-prong of the Morris test, Plaintiffs simply allege:

> 76. Koutssos [sic] and Berkowitz used their domination and control over the Company and its affiliates to commit a wrong against Plaintiffs by, among other things, using funds for their personal benefit that were to have been paid to and for the benefit of Plaintiffs.

Count VIII of the Complaint must be dismissed against Koutsos and Berkowitz for Plaintiffs' inability to plead to show the factual underpinnings for their conclusory and unsubstantiated allegations seeking to pierce the corporate veil. In Wm. Passalacqua Bldrs., Inc. v. Resnick Dev. South, Inc., 933 F.2d 131, 137 (2d Cir. 1991) (citation omitted) the court held that the "overall ability of the corporation to meet its obligations is obviously the more pertinent aspect". Given the financial strength of Prem.Air Group of New York, LLC, and the absence of factual allegations to the contrary, Plaintiffs have not pled that any judgment in this case would be rendered incapable of satisfaction.

Further, it bears note that in Goldblatt v. Englander Communications, LLP, 2007 U.S. Dist. LEXIS 4278, at *17 (S.D.N.Y. 2007), the Court, in dismissing the piercing the corporate veil claim, found that the defendant failed to make a showing that misuse of the corporate form caused him to suffer a wrong or injustice.

In sum, the mere conclusory allegations of Count VIII of the Complaint should be dismissed against Defendants Koutsos and Berkowitz for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## POINT IV

### UNDER FED. R. CIV. P. 9(b), PLAINTIFFS HAVE FAILED TO PLEAD A CLAIM FOR FRAUD

In opposition to Defendants' motion to dismiss COUNT V of the Complaint for fraud, Plaintiffs' implicitly acknowledge the insufficiency of the Complaint by requesting leave to re-plead at the outset. As pleaded in the Complaint, Plaintiffs' fraud claim solely consists of two (2) averments: (1) Defendants had no intention of paying Plaintiffs under their employment contracts at the time they were entered into;[4] and, (2) "plaintiffs justifiably relied upon Defendants' misrepresentations."[5] "No cause of action for fraud is stated or exists where the only fraud charged relates to a breach of employment contract." Dalton v. Union Bank of Switzerland, 134 A.D.2d 174, 176, 520 N.Y.S.2d 764, 766 (1st Dep't 1987).

Further, it is beyond cavil that Plaintiffs' allegations of fraud fail under Fed. R. Civ. P. 9(b) for failure to plead the fraudulent conduct with specificity. Nowhere in Plaintiffs' Complaint is the substance of the misrepresentations stated. Nor is the time, place or to whom said statements were made provided. Further, Plaintiffs' fail to substantiate the manner in which they

---

[4] Complaint, para. 61, p. 14.
[5] Complaint, para. 62, p. 14.

justifiably relied.

In fact, even if the Court were to consider the improper affidavits submitted by Heimstaedt and Korte, the sole allegation that they make to augment the patently insufficient fraud claim is that they continued their employment with Prem.Air Group of New York LLC for several years, and did not seek more lucrative employment opportunities because of Defendants' alleged promises to pay the Plaintiffs the sums they claim entitlement to.

Moreover, contrary to the Plaintiffs' allegations, their continued employment with Prem.Air Group of New York LLC based upon alleged misrepresentations concerning payment does not give rise to a separate actionable wrong for fraud. This exact issue was addressed in Alter, 1997 U.S. Dist. LEXIS 17369, at *25-*26:

> To the extent plaintiff alleges that defendants fraudulently avoided their payment obligations, this claim is redundant to the breach of contract claim. To the extent plaintiff alleges that defendants fraudulently induced him 'to continue to expend his best efforts at JBRE Corp., he has not he has not alleged that he sustained any separate damages not recoverable under his breach of contract claim.

The factual statements contained in Plaintiffs' affidavits, even if considered on this motion, fly in the face of plausibility and require dismissal of Count V of the Complaint for fraud against all defendants.

### POINT V
### PLAINTIFFS' REQUEST TO FILE A SECOND AMENDED PLEADING SHOULD BE DENIED AT THIS POINT

In their opposition to Defendants' motion to dismiss, Plaintiffs devote two (2) pages in their legal memorandum to the suggestion that if the Court were to dismiss certain Counts of the Complaint, Plaintiffs' should be granted leave to file a second amended complaint pursuant to

Fed. R. Civ. P. 15(a)(2).

Plaintiffs' request is patently improper inasmuch as they have failed to file, in a timely manner, a formal motion on notice containing the proposed amendment. See, In re Am. Express Co. Shareholder Lit., 39 F.3d 395, 399 (2d Cir. 1994) (district court did not abuse its discretion in refusing, *sua sponte,* to grant leave to replead); Confederate Mem. Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) (Court properly denied plaintiffs' request to re-plead that was contained in its opposition to defendant's motion to dismiss).

## POINT VI

### PLAINTIFFS HAVE NOT STATED A PROPER CLAIM FOR QUASI-CONTRACT

In their memo of law, pp. 9-11, Plaintiffs' argue that they are entitled to seek quasi-contractual relief, (Counts VI and VII of the Complaint), while simultaneously suing for enforcement of a contract covering the same subject matter, based upon the inconsistent pleading allowances of Fed. R. Civ. P. 8.

Essentially, Plaintiffs' position is based upon the absence of a written agreement in this matter. However, at least one district court has found that: [a] full, and clear oral agreement will also bar a claim for unjust enrichment in the absence of overreaching." Dimario v. Coppola, 10 F. Supp. 2d 213, 226 (E.D.N.Y. 1998).

Where, as set forth supra at POINT II, the parties have operated for several years under a comprehensive contract, whose existence or terms are not denied, they are barred from simultaneously seeking quasi-contractual relief.

**CONCLUSION**

Based upon the foregoing, it is respectfully maintained that Defendants' motion to dismiss the aforementioned Counts of the First Amended Complaint be granted as set forth in the Notice of Motion pursuant to Fed. R. Civ. P. 12(b)(b) and 9(b).

Dated: New York, New York
       March 13, 2008

                                                 Respectfully submitted,

                                                 **ARTHUR J. SEMETIS, P.C.**
*Attorneys for Defendants*
*Attorneys for Prem.Air Group of New York LLC f/k/a McQuay New York LLC, Prem.Air Group, LLC, George Koutsos i/n/a George Koutssos, Eric Berkowitz, Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York LLC 401(k) Profit Sharing Plan i/n/a McQuay New York Profit Sharing Plan, and XYZ Trustees of the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k) Profit Sharing Plan*

                                                               */s/*
By: _____
        Arthur J. Semetis, Esq. (AJS-8477)
        Shannon P. O'Neill, Esq. (SPO-2157)
286 Madison Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 557-5055