LAW OFFICES

# ARTHUR J. SEMETIS, P.C.

286 MADISON AVENUE
14th FLOOR
NEW YORK, NY 10017

(212) 557-3000
Fax: (212) 557-5051

ARTHUR J. SEMETIS
E-mail: asemetis@semetislaw.com

**OF COUNSEL:**

- MICHAEL J. McDERMOTT
- SHANNON P. GALLAGHER
- CONSTANTINE T. TZIFAS

April 11, 2008

**_Via e-File and Fedex_:**

Hon. Jed S. Rakoff, U.S.D.J.
United States District Court for the
 Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

>       Re:    _Heimstaedt v. Prem.Air New York LLC_
>              _Case No. 07 Civ. 9389 (JSR)_

Dear Judge Rakoff:

        Pursuant to the Court's directives at the hearing on March 19, 2008 on defendants' original motion to dismiss certain Counts of plaintiffs Donald Heimstaedt ("Heimstaedt) and Todd Korte's ("Korte") First Amended Complaint, defendants' Prem.Air Group of New York, LLC, f/k/a McQuay New York LLC, Prem.Air Group, LLC ("Prem.Air Group"), George Koutsos ("Koutsos"), Eric Berkowitz ("Berkowitz"), McQuay New York, LLC 401(K) Profit Sharing Plan, and XYZ Trustees of the McQuay New York, LLC 401(K) Profit Sharing Plan, submit this letter motion to dismiss COUNT VIII (Piercing the Corporate Veil) and COUNT V (Fraud and Misrepresentation) of plaintiffs' Second Amended Complaint, pursuant to Fed. R. Civ. P. Rules 12(b)(6) and 9(b), for the reasons set forth below.[1]  As the Court is aware, the gravamen of plaintiffs' claims is that they are allegedly owed commissions for work they performed as salesmen for defendant Prem.Air Group of New York LLC. Plaintiff Heimstaedt was employed by Prem.Air Group of New York LLC for over eight (8) years, and plaintiff Korte was employed by Prem.Air Group of New York LLC for nearly six (6) years.

>    **A.    PLAINTIFFS' HAVE UTTERLY FAILED TO PROPERLY ALLEGE
>            A CAUSE OF ACTION TO PIERCE THE CORPORATE VEIL**

        Defendants Koutsos and Berkowitz seek dismissal of Count VIII of plaintiffs' Second Amended Complaint seeking to pierce the corporate veil and to impose personal liability upon them

---

[1] A copy of the Second Amended Complaint is annexed hereto as Exhibit 1.

ARTHUR J. SEMETIS, P.C.

April 11, 2008

for the alleged acts of Prem.Air Group of New York LLC, f/k/a McQuay New York LLC and Prem.Air Group LLC.[2]

In New York, piercing the corporate veil requires a showing that: (1) the owner exercised complete domination of the corporation in respect to the subject transaction; and, (2) that such domination was used to commit a fraud or wrong against the plaintiff that resulted in plaintiff's injury. Morris v. New York State Dep't of Taxation and Fin., 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810-11 (1993). The bar to piercing the corporate veil applies equally to limited liability companies pursuant to N.Y. Limited Liab. Co. Law §609. Retropolis, Inc. v. 14th St. Dev. LLC, 17 A.D.3d 209, 210, 797 N.Y.S.2d 1, 2 (1st Dep't), appeal denied, 6 N.Y.3d 702 (2005).

New York courts will pierce the corporate form when fraud is present or when the corporation is so completely dominated by an individual that its purpose is to advance the owner's personal goals, rather than the business's objectives. Gartner v. Snyder, 909 F.2d 698, 703 (2d Cir. 1990).

Further, as the Court stated in Wm. J. Wrigley Jr Co. v. Waters, 890 F.2d 594, 600 (2d Cir. 1989): "it is well settled that New York courts are reluctant to disregard the corporate entity." Finally, in Alter v. Bogoricin, 1997 U.S. Dist. LEXIS 17369, at *12, the court found that: "New York courts are generally reluctant to rely on a claim that a corporation is the alter ego of its principals as a basis for piercing the corporate veil" (citations omitted).

Liability against individual shareholders will only be imposed when there is complete domination and control of the entity in issue and the control "was used to commit [a] wrong, fraud, or the breach of a legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights, and that that the control and breach of duty proximately caused the injury complained of. Absent such a showing, New York law will not allow a piercing of the corporate veil. Electronic Switching Indus., Inc. v. Faradyne Electronics Corp., 833 F.2d 418, 424 (2d Cir. 1987).

The Court in William Passalacqua Bldrs., Inc. v. Resnick Dev. South, Inc., 933 F.2d 131, 139 (2d Cir. 1991) set forth several factors required to be factually demonstrated in order to establish the corporation is a dominated entity:

     (1)     the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, i.e., issuance of stock, election of directors, keeping of corporate records and the like,

     (2)     inadequate capitalization,

     (3)     whether funds are put in and taken out of the corporation for personal rather than corporate purposes,

     (4)     overlap in ownership, officers, directors and personnel,

     (5)     common office space, address and telephone numbers of the corporate entities,

     (6)     the amount of business discretion displayed by the allegedly dominated corporation,

     (7)     whether the related corporation deal (sic) with the dominated corporation at arms length,

     (8)     whether the corporations are treated as separate profit centers,

     (9)     the payment or guarantee of debts of the dominated corporation by other corporations in the group, and

---

[2]  We do not represent Prem.Air New York, LLC and our understanding is that it does not exist as an entity.

ARTHUR J. SEMETIS, P.C.

April 11, 2008

(10)    whether the corporation in question had property that was used by other of the corporations as if it were its own.

It is irrefutable that not one single factor has been alleged in connection with the purported interrelationship of the "Company" or the Individual Defendants, Koutsos and Berkowitz.

In Passalacqua, 933 F.2d at 142 (citation omitted) the Court held that the degree of capitalization and the "overall ability of the corporation to meet its obligations is obviously the more pertinent aspect" of the factors to be considered in determining whether to pierce the corporate veil. Given the financial strength of Prem.Air Group of New York, LLC, and the absence of factual allegations to the contrary, plaintiffs have not pled, and could not plead, that any judgment in this case would be rendered hollow or incapable of satisfaction.

Moreover, even if plaintiffs Heimstaedt and Korte ultimately received a judgment that was incapable of satisfaction by the "Company," as the Court noted at the March 19, 2008 conference, they would likely be entitled to move the Court to pierce the corporate veil and impose liability against Koutsos and/or Berkowitz, personally, in a subsequent proceeding if the facts supported such a claim.

Rather, the plaintiffs' Second Amended Complaint is virtually identical to plaintiffs' First Amended Complaint and is bereft of specific facts[3] sufficient to satisfy the heavy burden required of a party seeking to pierce the corporate veil under New York law. TNS Holdings, Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 339, 680 N.Y.S.2d 891, 893 (1998). Further, as the court found in Smith v. Westchester Co. Dep't of Corr., 2008 U.S. Dist. LEXIS 11049, *4-*5 (S.D.N.Y. 2008): "the court need not accord 'legal conclusions, deductions or opinions couched as factual allegations … a presumption of truthfulness.'" (Quotation omitted).

Nonetheless, in the same bald and conclusory fashion, the plaintiffs' Second Amended Complaint alleges, in part:

79.    Koutsos and Berkowitz exercised complete dominion and control over all of the Company's[4] financial dealings, including, but not limited to, those involving Plaintiffs and their compensation and benefits.

80.    Upon information and belief, Koutsos and Berkowitz failed to maintain corporate formalities and commingled assets as between themselves and the various entities controlled by one or both of them, as well as among and between those entities controlled by one or both of them.

81.    Upon information and belief, Koutsos and Berkowitz used and transferred Company funds for their own personal use and for use of entities controlled by one or both of them.

---

[3]  To the extent that facts are alleged in the subsections of para. 81 of the Second Amended Complaint, they are treated infra.

[4]  As set forth in para. 8 of the Second Amended Complaint, the "Company" is defined as Prem.Air New York, McQuay New York, LLC, Prem.Air Group, LLC and Prem.Air Group of New York, LLC. Although plaintiffs' counsel has acknowledged that both plaintiffs were solely employed by Prem.Air Group of New York LLC (Second Amended Complaint, paras. 4 and 5, pg. 2), it is disingenuous for plaintiffs' to seek to pierce the corporate veil of a predecessor corporation, McQuay New York, LLC, and that of Prem.Air Group LLC, which the parties' have agreed is a mere shell corporation that has no bearing on this lawsuit.

ARTHUR J. SEMETIS, P.C.

April 11, 2008

Assuming the truth of the foregoing allegations, as required on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Doe v. City of New York, 15 F.3d 264, 266 (2d Cir. 1994), "[w]hile complete domination of the corporation is the key to piercing the corporate veil, ... such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required." Freeman v. Complex Computing Co., 119 F.3d 1044, 1053 (2d Cir. 1997) (internal quotations and citations omitted). Since neither Heimstaedt nor Korte have demonstrated a cognizable claim of fraud and have voluntarily dismissed their breach of contract claim against Koutsos and Berkowitz, they have failed to show an actionable wrong. Moreover, plaintiffs have failed to allege any facts to support the baseless statement that the individual plaintiffs have "failed to maintain corporate formalities."

Plaintiffs have not "established that the wrong allegedly committed against [them] -- breach of contract -- is related to any misuse of the corporate form." Mass v. McClenahan, 893 F. Supp. 225, 234 (S.D.N.Y. 1995). As such, their attempt to pierce the corporate veil of the Company must be denied.

In support of the foregoing allegations, plaintiffs' proffered averments, based upon information and belief, that Koutsos and Berkowitz utilized corporate credit cards for personal expenses (plaintiffs' Second Amended Complaint, para. 81(A), pg. 18)[5]; Koutsos transferred corporate funds to a Greek bank account ((plaintiffs' Second Amended Complaint, para. 81(B), pg. 18); Koutsos utilized corporate funds to build a hotel in Greece (plaintiffs' Second Amended Complaint, para. 81(C), pg. 18); Koutsos paid for construction of the Company's offices with Company funds ((plaintiffs' Second Amended Complaint, para. 81(D), pg. 19); and, Koutsos deposited a $500,000 check for work performed for Con Edison into his personal account ((plaintiffs' Second Amended Complaint, para. 81(E), pg. 19).[6]

As an aside, at the March 19th hearing, the Court noted that the averments contained in the affidavits of Heimstaedt and Korte were based purely on hearsay and if the Court considered such affidavits on defendants' original motion to dismiss, it would have been converted to a motion for summary judgment and Count VIII of the First Amended Complaint dismissed.[7] Heeding the Court's advice, plaintiffs' merely converted these "snippets of hearsay"[8] to allegations based upon information and belief in the plaintiffs' Second Amended Complaint.

Furthermore, with respect to para. 82 of plaintiffs' Second Amended Complaint, pg. 19, the instant motion is not directed at, nor have defendants contested the pleading of plaintiffs' ERISA claims. As a result, this gratuitous allegation should be wholly disregarded inasmuch as this claim, and the potential personal liability of the individual defendants to the plaintiffs, will be litigated on its merits.

Finally, in paras. 83 and 84 of plaintiffs' Second Amended Complaint, Heimstaedt and Korte contend that the Company did not have sufficient resources to pay them the monies allegedly due for their disputed commissions since Koutsos and Berkowitz diverted said monies for their personal benefit. This allegation is flatly contradicted by plaintiffs' own pleading at para. 61, pg. 14 of plaintiffs'

---

[5] As the Court aptly noted at the hearing on defendants' original motion to dismiss, the use of corporate credit cards for personal purposes is "not much of an indicia of alter ego control." Transcript, pp. 15-16, l. 23-3.

[6] Attached as Exhibit 2 to the reply affidavit of George Koutsos, sworn to on the 12th day of March 2008, is a copy of the Con Ed check referred to and a deposit ticket demonstrating that the Con Ed funds were deposited into the business account of Prem.Air Group of New York LLC. As such, this allegation has been proven erroneous and should be stricken from Second Amended Complaint. (See Exhibit 2 attached hereto).

[7] Transcript, p. 15., l. 2-8.

[8] Transcript, pg. 15, l. 14.

ARTHUR J. SEMETIS, P.C.

April 11, 2008

Second Amended Complaint where Heimstaedt and Korte expressly acknowledged that they were paid commissions, but that the disputed amounts of commissions purportedly owing under their oral agreement would be "straightened out" and that Koutsos and Berkowitz would pay plaintiffs all monies legitimately due and owing. Curiously, nowhere in Count V (Fraud) do the plaintiffs' maintain that the Company's precarious financial condition during their employment induced them to continue working for Prem.Air Group of New York LLC based upon promises of a fiscally stable future.

**B.    PLAINTIFFS HAVE ALLEGED FACTS KNOWN TO BE UNTRUE**

It is abundantly clear that the plaintiffs have made certain allegations within Count VIII of the Second Amended Complaint which they know are not true.  In particular, plaintiffs' counsel has acknowledged that defendant Prem.Air New York LLC does not exist, and that defendant Prem.Air Group LLC is a "shelf" corporation which never had assets, never conducted business, never received payments and never made any transfers of money.[9]  Nonetheless, at paragraph 8 of the Second Amended Complaint, plaintiffs continue to define the term "Company" (as later used in paragraph 81 of Count VIII) as collectively, Prem.Air New York LLC, McQuay New York LLC, Prem.Air Group LLC, and Prem.Air Group of New York LLC".  Plaintiffs then plead as a cornerstone of Count VIII that:

> Koutsos and Berkowitz failed to mention corporate formalities and commingled assets as between themselves <u>and the various entities controlled by one or both of them</u>, as well as among and between those entities controlled by one or both of them.  (Count VIII of the Second Amended Complaint, Paragraph 79).

At paragraph 81 of Count VIII of the Second Amended Complaint, plaintiffs further allege that:

> Upon information and belief, Koutsos and Berkowitz used and transferred <u>Company</u> funds for their own personal use and for the use of entities controlled by one or both of them.

Thus, despite the actual knowledge that: (i) Prem.Air New York LLC does not exist; (ii) Prem.Air Group LLC never conducted business or received monies; and (iii) McQuay New York LLC is the same entity as Prem.Air Group of New York LLC (having merely changed its name), plaintiffs attempt to paint a picture of some devious scheme to conduct hidden transfers of monies between a variety of entities to support a bogus claim of the commingling of corporate assets. There are no other entities, and plaintiffs are well aware of this fact.

Plaintiffs' continuous use of colorful language to create the aura of a viable cause of action is further found at paragraph 81 of the Second Amended Complaint.  At subparagraphs B, C and D, plaintiffs attempt to use hollow phrases as a substitute for substantive factual allegations.  Plaintiffs rely on the term "siphoned" no less than three times to create a false impression that the acts alleged, even if true, were somehow illegal and should give rise to the piercing of the corporate veil of a closely held company. The mere payment of monies to managers of a limited liability company, without more, is not a sufficient basis to pierce the corporate veil.

---

[9] Indeed, at the March 19, 2008 appearance before this Court, plaintiffs discontinued without prejudice their breach of contract claim against defendant Prem.Air Group LLC and plaintiffs' counsel stated that "From what I understand, Prem.Air New York does not exist. . . ."

ARTHUR J. SEMETIS, P.C.

April 11, 2008

As a final matter, plaintiffs' allegations contained within paragraph 81(D) are not true, and plaintiffs have no good faith basis (as required by Fed. R. Civ. P. 11(b)(3)) to make such an allegation. In connection with the defendants' earlier motion, plaintiffs were previously provided with the affidavit of George Koutsos, sworn to on March 12, 2008, and a copy of the Con Edison check and deposit ticket for McQuay New York LLC which establish beyond any doubt, that these funds were deposited into the corporate account (Affidavit of George Koutsos with exhibits is annexed hereto as Exhibit 2). Plaintiffs' reckless disregard for the facts in its pleading should not be countenanced.

Count VIII of the Complaint must be dismissed against Koutsos and Berkowitz for plaintiffs' inability to plead the factual underpinnings for their barebones and unsubstantiated allegations seeking to pierce the corporate veil.

Finally, in light of the absence of specifically alleged legally sustainable "wrongs" committed by defendant Berkowitz, it is respectfully submitted that Count VIII of the plaintiffs' Second Amended Complaint should be dismissed against him.

## C.    COUNT V OF PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FRAUD SHOULD BE DISMISSED FOR PLEADING INFIRMATIES UNDER FRCP 9(b)

### 1.    Failure to Plead Fraud with Particularity as Required by Fed. R. Civ. P. 9(b)

Under FRCP Rule 9, the following requirements must be sufficiently stated to withstand dismissal of a fraud claim:

(b) Fraud or Mistake; Condition of Mind.
In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.

As the Court found in Suez Equity Inv., L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 95 (2d Cir. 2001):

Rule 9(b) of the Fed. R. Civ. Pro. governs the pleading of fraud claims and it requires that plaintiff plead fraud with particularity. We have explained that this standard imposes an obligation on plaintiff to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state where and when the statements were made, and identify those responsible for the statements.' Quoting, Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).

To adequately state a cause of action for fraud under the law of New York, it is necessary to factually demonstrate: (1) defendant made materially false representations, (2) defendant intended to defraud plaintiff; (3) plaintiff reasonably relied upon the misrepresentations, and (4) plaintiff suffered damage as a result of their reliance. Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of NY, 375 F.3d 168, 186-187 (2d Cir. 2004) (citation omitted).

Where the fraud alleged is based upon a failure to perform promises in the future, it is deemed to be merely a breach of contract action. Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd., 108 A.D.2d 607, 484 N.Y.S.2d 834, 835 (1st Dep't) appeal dismissed, 65 N.Y.2d 637 (1985).

ARTHUR J. SEMETIS, P.C.

April 11, 2008

Plaintiffs' Second Amended Complaint is wholly deficient as it pertains to the pleading requirements of Rule 9(b) and the law of New York.. Plaintiffs' allegations of Count V sounding in fraud and misrepresentation are set forth in summary format as follows:

1.    Plaintiffs and defendants entered into an agreement that provided that plaintiffs would provide sales services, which would be paid for by defendants.[10]

2.    Koutsos and Berkowitz would "straighten out" the disputed commissions allegedly owed to plaintiffs and would pay such outstanding amounts. Said misrepresentations were intended to induce Heimstaedt and Korte to continue their employment with Prem.Air Group of New York, LLC and to continue to generate sales.[11]

3.    Plaintiffs justifiably relied upon defendants' alleged promises of payment.[12]

4.    As a direct result of Defendants' fraud, plaintiffs' sustained damages.[13]

In the first instance, Koutsos and Berkowitz's alleged promise to "straighten out" outstanding commissions and to pay Heimstaedt and Korte all amounts established to be due is not a misrepresentation. Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, paid in the aggregate over a million dollars to both Heimstaedt and Korte over the terms of their respective periods of employment under the controlling agreement. The purportedly unpaid commissions, if any, are due to a legitimate dispute concerning the nature and amount of any such monies. Regardless, the alleged "misrepresentations" are nothing more than a restatement of plaintiffs' breach of contract claim.[14]

Additionally, in order to demonstrate Koutsos and Berkowitz's intent to defraud plaintiffs, plaintiffs' are required to plead defendants' intent through a factual showing of their states of mind. In other words, Heimstaedt and Korte must plead, with factual specificity that at the time Koutsos and Berkowitz allegedly misrepresented their promise to pay plaintiffs' all of the allegedly outstanding commissions, they had absolutely no intention to do so. Songbird Jet Ltd. v. Amax, Inc., 581 F. Supp. 912, 925 (S.D.N.Y. 1984). In light of the substantial payments made to Heimstaedt and Korte over the years, it is disingenuous to attempt to show that they had no intention to pay plaintiffs. Once more, Koutsos and Berkowitz's purported intent is relevant to plaintiffs' claim for breach of contract and fails to sustain a fraud claim.

Moreover, to sufficiently establish reliance for purposes of a claim of fraud, the reliance must be reasonable under the circumstances. To the extent plaintiffs' have attempted to establish reliance through their decisions to continue to work for Prem.Air Group of New York LLC, f/k/a McQuay New York LLC, for several years during the commission disputes and to allegedly give up other lucrative business opportunities it is, at a minimum, a stretch to find that Heimstaedt's five (5) year period of reliance and Korte's four (4) year period of reliance are reasonable under the circumstances.

---

[10] Second Amended Complaint, para. 60, pg. 14.

[11] Second Amended Complaint, para. 60-62, pg. 14.

[12] Second Amended Complaint, para. 64, pg. 14.

[13] Second Amended Complaint, para. 67, pg. 15.

[14] Any attempt by plaintiffs to claim that the alleged promise of Koutsos and Berkowitz to pay to plaintiffs monies claimed to be due to plaintiffs by their employer, Prem.Air Group of New York LLC is enforceable, fails. New York's General Obligations Law § 5-701(2) requires a promise to pay the debt of another to be in writing and signed by the party to be charged. In addition, plaintiffs have discontinued their breach of contract claims against the individual defendants.

ARTHUR J. SEMETIS, P.C.

April 11, 2008

In order to satisfy the particularity requirements of Rule 9(b) in a pleading, the plaintiffs are required to set forth both the misleading statement and the reason why the statement is misleading in the context of the claim. Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004).

In the present matter, plaintiffs have utterly failed to plead fraud with particularity warranting dismissal of Count V under the prevailing law.

**2.      Plaintiffs' Fraud Count Fails to State a Legal Duty Independent of its Breach of Contract Count**

At the outset, it is significant to note that the first substantive allegation in Count V of Heimstaedt and Korte's Second Amended Complaint states that: "[t]he parties entered into an agreement whereby ..." (emphasis supplied).[15]  Essentially, plaintiffs' conceded that the allegations of fraud  pled in the plaintiffs' Second Amended Complaint spring from their breach of contract claim.

In Metropolitan Transp. Auth. v. Triumph Adv. Prods., Inc., 116 A.D.2d 526, 527, 497 N.Y.S.2d 673, 675, (1st Dep't 1986), the court cogently stated the prevailing law of New York: "[t]he courts of this State have consistently held since Briefstein v. Rotondo Constr. Co. (8 A.D.2d 349, 351) that a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract." (Citations omitted).

Further, in Scott v. KeyCorp., 247 A.D.2d 722, 725, 699 N.Y.S.2d 76, 79 (3rd Dep't 1998), the court succinctly summarized the unavailability of relief sounding in negligence when the genesis of the action emanates from the breach of a contract:

> A breach of contract claim cannot be converted into a tort action absent the violation of a legal duty independent of that created by the contract. See Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co., 70 N.Y.2d 382, 389; Fourth Branch Assocs. Mechanicville v. Niagara Mohawk Power Corp., 235 A.D.2d 962, 963-964; Wegman v. Dairylea Coop, 50 A.D.2d 108, 112, appeals dismissed 38 N.Y.2d 710, 718. Plaintiff has failed to allege either a duty or special relationship with [defendants] distinguishable from the contract itself. See e.g., Murphy v. Kuhn, 90 N.Y.2d 266, 270.

"No cause of action for fraud is stated or exists where the only fraud charged relates to a breach of employment contract." Dalton v. Union Bank of Switzerland, 134 A.D.2d 174, 176, 520 N.Y.S.2d 764, 766 (1st Dep't 1987).

The type of special relationship or duty required to simultaneously sue for a claim based upon negligence "requires a closer degree of trust than an ordinary business relationship." Fleet Bank v. Pine Knoll Corp., 290 A.D.2d 792, 795, 736 N.Y.S.2d 737, 741 (3rd Dep't 2002).

In addition, the Court found in Clark-Fitzpatrick, 521 N.Y.S.2d at 656-657:

> This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract. Citing, Rich v. New York Cent. & Hudson Riv. R.R. Co., 87 N.Y. 382, 398.

---

[15] Second Amended Complaint, para. 60, pg. 14.

ARTHUR J. SEMETIS, P.C.

April 11, 2008

Plaintiffs' Complaint is wholly devoid of any allegations of a special relationship with any of the defendants or the breach of an independent legal duty. To the contrary, Heimstaedt and Korte acknowledge that Prem.Air Group of New York LLC (f/k/a McQuay New York LLC) was contractually responsible for the payment of their purported commissions. Plaintiffs' voluntary dismissal of Count VI for Breach of Contract against Koutsos, Berkowitz and Prem.Air Group LLC wholly undermines the existence of any finding of the existence of a special relationship with them.

Clearly, Count V of the Complaint sounds in fraudulent performance of the contract. No cause of action exists for fraudulent performance of a contract in the absence of the breach of an independent legal duty.

In sum, Count V of plaintiffs' Second Amended Complaint sounding in fraud and misrepresentation must be dismissed for failure to plead fraud with particularity as mandated by Fed. R. Civ. P. 9(b).

Plaintiff's Letter Brief in Opposition is due to the Court on April 18, 2008 and oral argument has been scheduled before the Court at 10:00 A.M. on Tuesday, April 29, 2008.

Respectfully submitted,

**ARTHUR J. SEMETIS, P.C.**
*Attorneys for Defendants*
*Attorneys for Prem.Air Group of New York LLC f/k/a McQuay New York LLC, Prem.Air Group, LLC, George Koutsos i/n/a George Koutssos, Eric Berkowitz, Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York LLC 401(k) Profit Sharing Plan i/n/a McQuay New York Profit Sharing Plan, and XYZ Trustees of the Prem.Air NY 401(k) Profit Sharing Plan f/k/a McQuay New York, LLC 401(k)Profit Sharing Plan*

/s/

By: _____
        Arthur J. Semetis, Esq.(AJS-8477)
286 Madison Avenue, 14th Floor
New York, New York 10017
Telephone: (212) 557-5055

cc:    Randi Kochman, Esq., Attorney for Plaintiffs
        George Koutsos
        Eric Berkowitz

EXHIBIT "1"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD HEIMSTAEDT and TODD KORTE,

             Plaintiffs,

        -against-

PREM.AIR NEW YORK, LLC, PREM.AIR
GROUP OF NEW YORK, LLC, PREM.AIR
GROUP, LLC, MCQUAY NEW YORK, LLC,
GEORGE KOUTSOS, ERIC BERKOWITZ,
MCQUAY NEW YORK, LLC 401(K) PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(K) PROFIT
SHARING PLAN,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CIVIL ACTION NO. 07 CV 9389 (JSR)

**SECOND AMENDED COMPLAINT**

Plaintiffs, Donald Heimstaedt and Todd Korte ("Plaintiffs"), by and through their attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., by way of First Amended Complaint against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutsos, Eric Berkowitz, McQuay New York LLC 401(k) Profit Sharing Plan and XYZ Trustees of the McQuay New York, LLC 401(k) Profit Sharing Plan (collectively, "Defendants"), hereby state as follows:

## INTRODUCTION

1.     This is an action alleging, inter alia, violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), the New York Labor Law, breach of contract, fraud and misrepresentation, quantum meruit, and unjust enrichment.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1132 (e) (2), in that the subject employee welfare benefit plan was administered in this District, the breaches of duty herein alleged occurred in this District and one or more of the Defendants resides or is found in this District and, pursuant to 28 U.S.C. § 1391(b), in that the causes of action arose in this District.

## THE PARTIES

4.     Plaintiff Donald Heimstaedt ("Heimstaedt") was an employee of Defendant McQuay New York, LLC ("McQuay NY") and later Defendant Prem.Air Group of New York, LLC ("Prem.Air NY") from December 1999 to March 29, 2007. At all relevant times, Heimstaedt was a vested participant in McQuay's 401(K) Profit Sharing Plan (the "Plan") within the meaning of 29 U.S.C. § 1002(7).

5.     Plaintiff Todd Korte ("Korte") was an employee of McQuay NY and later Prem.Air NY from June 1999 to January 2006. At all relevant times, Korte was a vested participant in the Plan within the meaning of 29 U.S.C. § 1002(7). Plaintiffs therefore have standing to bring this action under 29 U.S.C. § 1132(a).

6.     Upon information and belief, Prem.Air NY is a New York limited liability company having its principal place of business at 43-24 21st Street, Long Island City, New York.

7.     Defendant Prem.Air Group, LLC ("Prem.Air Group") is also a New York limited liability company having its principal business at 43-24 21st Street, Long Island City, New York.

2

8.    Defendant McQuay NY is, upon information and belief, a New York limited liability company, now known as Prem.Air NY, having its principal place of business at 43-24 21st Street, Long Island City, New York 11101. Upon information and belief, at all relevant times, McQuay NY, and later Prem.Air NY, was the Plan Administrator and Plan Sponsor of the Plan. In addition, McQuay NY and Prem.Air NY, as employers entrusted with employee funds for remittance to a claims administrator, acted in a fiduciary capacity under ERISA. (Prem.Air NY, McQuay NY, Prem.Air Group, and Prem.Air New York, LLC are hereinafter collectively referred to as the "Company"). The Company is engaged in the business of selling, distributing, servicing and installing HVAC products manufactured by McQuay International and providing HVAC services in the metropolitan New York, Westchester, and Long Island areas.

9.    Defendant Plan is an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1). Upon information and belief, at all relevant times, the Plan Administrator and Plan Sponsor has been McQuay NY. At all relevant times, the Plan has used John Hancock Life Insurance Company of America ("John Hancock") as its investment firm for Plan funds. The Plan has its principal place of business at 43-24 21st Street, Long Island City, NY 11101.

10.    Defendant George Koutsos ("Koutsos") is a member, officer and director of Prem.Air NY. Koutsos is also a trustee and "fiduciary" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority and/or control over the management of the Plan, exercised authority or control regarding management or disposition of Plan assets or had discretionary responsibility regarding administration of the Plan.

11.    Defendant Eric Berkowitz ("Berkowitz") is, upon information and belief, a former member, officer and director of Prem.Air NY. Upon information and belief, Berkowitz was also

3

a trustee and "fiduciary" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21)(A), because he exercised discretionary authority and/or control over the management of the Plan, exercised authority or control regarding management or disposition of Plan assets or had discretionary responsibility regarding administration of the Plan. (Koutsos and Berkowitz are hereinafter referred to as the "Individual Defendants").

12.     Defendant XYZ Trustees of the Plan (the "XYZ Trustees") are, upon information and belief, other individual trustees of the Plan and, therefore, "fiduciaries" within the meaning of ERISA.

## FACTS COMMON TO ALL COUNTS

### Plaintiffs' Employment With the Company

13.     In or about December 1999, Heimstaedt began employment with the Company in the position of General Manager of Engineering Sales. He subsequently became Manager, Owner/Contract Sales, as a result of his strong performance.

14.     From the outset of his employment, Heimstaedt performed his job excellently. In 2004 and 2006 he earned Chairman's Club Number 1 nationally and he earned 2nd place in this club in 2005. In 2004, Heimstaedt was the "McQuay New York Salesman of the Year" and in 2005 he was the "McQuay New York Professional of the Year." Throughout his employment with the Company, Heimstaedt was instrumental in bringing in substantial business to the Company including the very lucrative Waterside Plaza project, for which the Company earned a substantial commission and profit.

15.     Korte began employment with the Company in June 1999. Korte was, in fact, the first employee of the Company. In addition to his sales efforts, Korte spent a great deal of time during his first few years of employment helping the Company start up its business. As he was

4

paid as a 100% commissioned salesman, those "start up" tasks he performed outside of his sales efforts were uncompensated. Nevertheless, Korte was one of the Company's top salesmen every year and was recognized for his efforts by being named "McQuay New York Salesman of the Year" in 2003. Korte was also consistently ranked in the top 10 for McQuay's national sales ranking each year.

16.    From the initial set up of the Plan in 1999, both Heimstaedt and Korte were participants in the Plan.

## Defendants Unlawfully Fail to Make Payments to Heimstaedt and Korte's 401(k) Retirement Accounts

17.    From the outset of their participation in the Plan, Heimstaedt and Korte designated that McQuay NY, as Plan Administrator, would withhold certain monies from their paychecks, which amounts were to be deposited into Plaintiffs' respective 401(k) accounts.

18.    Beginning in or about Autumn 2004, although the Company withheld the designated amounts from Korte's paychecks, the Company failed to deposit these monies into Korte's 401(k) accounts. As a result of this wrongdoing, Korte withdrew from the Plan.

19.    Beginning in or about July 2005, although the Company withheld the designated amounts from Heimstaedt's paychecks, the Company failed to deposit these monies into Heimstaedt's 401(k) account. In fact, Heimstaedt's account statements from John Hancock reveal that no amounts were placed in his account from July 2005 forward, although the money to be deposited into this account was deducted from his pay.

20.    The Company never advised Korte or Heimstaedt as to why the monies were not being deposited into their 401(k) accounts.

21.    Despite their repeated requests, neither Korte nor Heimstaedt ever received a satisfactory accounting of their 401(k) contributions or accounts.

5

22.     When Korte resigned in January 2006, he attempted to obtain information about the status of his 401(k) account and how he could roll the account over to a private account. The Company ignored Korte's repeated requests for this information to which he was clearly entitled. Although the Company eventually provided information regarding the account in response to demands by the U.S. Department of Labor, it still appears that the Company unlawfully withheld contributions from Korte's account for an extended time period.

23.     Despite Plaintiffs' repeated demands, Defendants have failed to properly account for the losses in Plaintiffs' 401(k) accounts.

24.     Defendants breached the fiduciary duties they owed to Plaintiffs under ERISA by:

(a)     Failing to discharge their fiduciary duties solely in the interests of the Plan's participants and beneficiaries, as required by ERISA, 29 U.S.C. § 1104(a)(1)(A); and

(b)     Failing to act with the care, skill, diligence, and prudence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by 29 U.S.C. § 1104(a)(1)(B).

25.     Defendants' wrongful actions have resulted in substantial damages to Plaintiffs.

## Defendants Refuse to Pay Commissions Earned and Due to Heimstaedt and Korte

26.     From the outset of their employment, the Company paid Heimstaedt and Korte on a purely commissioned basis. Pursuant to the Company's longstanding, communicated Company policy and practice, Plaintiffs were paid a set commission of 50% of: (1) all commissions earned by the Company on McQuay equipment sales; and (2) profits earned by the Company on all Buy/Sell Orders (where the Company resold purchased equipment and services at a marked-up price).

6

27.    According to the commission structure established by the Company, the Company and the Individual Defendants owe Heimstaedt the minimum amount of $646,796.05 in commissions for completed and pending projects.

28.    The Company and the Individual Defendants also owe Heimstaedt monies improperly held in reserve in the amount of at least $18,750, plus money that the Company improperly held back from Company client, Turner Logistics, in the amount of $10,235.

29.    Despite his repeated requests for these commissions and other monies due him, Defendants have refused to pay said monies to Heimstaedt.

30.    Based on the foregoing commission arrangement, Defendants also owe Korte substantial amounts in outstanding commissions.

31.    Despite his repeated requests for these commissions, and although Defendants provided Korte with commission statements reflecting amounts due him, Defendants have nevertheless refused to pay said monies to Korte.

32.    As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have been, and will continue to be, substantially damaged.

## COUNT I

### (Violation of ERISA – Failure to Pay Benefits)

33.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the Second Amended Complaint as if fully set forth at length herein.

34.    At all relevant times, McQuay NY and, later Prem.Air NY, have been an "Employer" within the meaning of ERISA.

35.    At all relevant times, McQuay NY, Prem.Air NY and the Individual Defendants have been "fiduciaries" within the meaning of ERISA.

7

36.   At all relevant times, Plaintiffs have been "participants" in, and "beneficiaries" of, the Plan within the meaning of ERISA, 29 U.S.C. § 1002(7) and (8).

37.   Pursuant to ERISA, as the Employer, Plan Sponsor and Plan Administrator, as well as in their role as fiduciaries of the Plan, Defendants had an obligation to deduct the monies in the manner and amount designated by Plaintiffs from their paychecks and remit same directly to Plaintiffs' 401(k) accounts.

38.   Without explanation, from in or about July 2005, although Defendants withheld 401(k) monies from Plaintiffs' paychecks, and were entrusted with remitting such funds to John Hancock, Defendants did not remit such 401(k) monies to the Plan.

39.   Upon information and belief, Defendants unlawfully used Plaintiffs' 401(k) monies for their personal use.

40.   Despite Plaintiffs' requests, Defendants also refused to provide Plaintiffs with information regarding their 401(k) accounts, in direct violation of ERISA.

41.   On numerous occasions, Plaintiffs requested that Defendants provide the benefits to Plaintiffs' accounts. Despite these repeated requests, Defendants have not provided, nor explained, the whereabouts of Plaintiffs' 401(k) monies.

42.   Defendants' failure to use Plaintiffs' trust monies for their intended purpose, and their contrary use of the monies for Defendants' own purposes, as well as Defendants' failure to act in Plaintiffs' best interests or with appropriate care, skill and diligence, constitute violations of ERISA.

43.   As a direct and proximate result thereof, Plaintiffs have been, and will continue to be, substantially damaged and are entitled to a judgment against Defendants jointly, severally and/or in the alternative, for the losses Plaintiffs' accounts have suffered as a result of

8

Defendants' breaches of fiduciary duties, including, but not limited to, the Plan's lost earnings on the accounts.

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, hereby demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutsos, Eric Berkowitz, McQuay New York, LLC 401(k) Profit Sharing Plan, and the XYZ Trustees of the McQuay New York, LLC 401(k) Profit Sharing Plan, jointly, severally and/or in the alternative, as follows:

      A.    Granting declaratory relief that the Plan is obligated to reimburse each Plaintiff's account for all amounts improperly withheld;

      B.    Ordering a full and complete accounting of the Plan;

      C.    Ordering that Defendants shall make full restitution to the Plan including any losses sustained to Plaintiffs' accounts as a consequence of the wrongful conduct alleged herein, together with prejudgment interest;

      D.    Preliminarily and permanently enjoining Defendants from engaging in any action violative of ERISA;

      E.    Compensatory and consequential damages;

      F.    Reasonable attorneys' fees;

      G.    Pre and post-judgment interest;

      H.    Costs of suit; and

      I.    Such other and further relief as the Court deems just and equitable under the circumstances.

9

## COUNT II

### (Violation of ERISA – Breach of Fiduciary Duty)

44.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the Second Amended Complaint as if fully set forth at length herein.

45.    McQuay, Prem.Air, the Individual Defendants and the XYZ Defendants were "fiduciaries" under ERISA and owed Plaintiffs fiduciary duties including, inter alia, a duty to administer the Plan with due loyalty and care, in good faith, and to act solely in the best interests of the Plan, its participants and beneficiaries.

46.    In taking Plaintiffs' 401(k) contributions and failing to remit such contributions to the Plan, but rather using such funds for Defendants' own purposes, Defendants have breached the fiduciary duties owed to Plaintiffs in violation of ERISA.

47.    Defendants also breached their fiduciary duties by failing and refusing to provide Plaintiffs with information they requested about the Plan, and to which Plaintiffs are entitled.

48.    As a direct and proximate result of the foregoing breaches, Plaintiffs have, and will continue to be, substantially damaged and are entitled to a judgment against Defendants jointly, severally and/or in the alternative, for the amount of losses Plaintiffs' accounts suffered as a result of Defendants' breaches of fiduciary duties, including the Plan's lost earnings on the accounts.

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutsos, Eric Berkowitz, McQuay New York, LLC 401(K) Profit Sharing Plan and the XYZ Trustees of the McQuay New York, LLC 401(K) Profit Sharing Plan, jointly, severally, and/or in the alternative, as follows:

10

A.    Granting declaratory relief that the Plan is obligated to reimburse each

Plaintiff's account for all amounts improperly withheld;

B.    Ordering a full and complete accounting of the Plan;

C.    Ordering that Defendants make full restitution to Plaintiffs' 401(k)

accounts including any losses sustained by Plaintiffs as a consequence of the wrongful conduct

alleged herein, together with pre-judgment interest;

D.    Preliminarily and permanently enjoining Defendants from engaging in any

action violative of ERISA;

E.    Compensatory and consequential damages;

F.    Reasonable attorneys' fees;

G.    Pre and post-judgment interest;

H.    Costs of suit; and

I.    Such other and further relief as the Court deems just and equitable under

the circumstances.

## COUNT III

### (Violation of the New York Labor Law)

49.    Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs of the Second Amended Complaint as if fully set forth at length herein.

50.    At all relevant times, Plaintiffs were "employees" within the meaning of Article 6

of the New York Labor Law.

51.    At all relevant times, the Company was an "Employer" within the meaning of

Article 6 of the New York Labor Law.

11

52.    By, inter alia, failing to pay Plaintiffs' wages due to them, including their unpaid

commissions, in a timely manner, either during or after their termination of employment,

Defendants have violated Article 6 of the New York Labor Law.

53.    Defendants' wrongful actions were willful, wanton and/or in reckless disregard of

Plaintiffs' rights.

54.    As a direct and proximate result of Defendants' wrongdoing and violation of the

New York Labor Law, Plaintiffs have and will continue to be substantially damaged.

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, demand judgment against

Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group,

LLC, McQuay New York, LLC, George Koutsos and Eric Berkowitz, jointly, severally, and/or

in the alternative, as follows:

A.    Compensatory and consequential damages;

B.    Punitive damages;

C.    Liquidated damages as provided by Article 6 of the New York Labor Law;

D.    Attorneys' fees;

E.    Interest;

F.    Costs of suit; and

G.    Such other and further relief as the Court deems just and equitable under

the circumstances.

## COUNT IV

### (Breach of Contract)

55.    Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs of the Second Amended Complaint as if fully set forth at length herein.

12

56.    Plaintiffs and Defendants entered into a binding agreement pursuant to which Defendants agreed to pay Plaintiffs a 50% commission on: (1) all commissions earned by the Company on McQuay equipment sales; and (2) profits earned by the Company on all Buy/Sell Orders, including orders involving the purchase of equipment and services; in exchange for Plaintiffs' services.

57.    By their wrongful conduct, Defendants have breached their contract with Plaintiffs to pay them commissions.

58.    As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have and will continue to be substantially damaged.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, and McQuay New York, LLC, jointly, severally, and/or in the alternative, as follows:

A.    Compensatory and consequential damages;

B.    Attorneys' fees;

C.    Interest;

D.    Costs of suit; and

E.    Such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT V

### (Fraud and Misrepresentation)

59.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the Second Amended Complaint as if fully set forth at length herein.

13

60.     The parties entered into an agreement whereby Plaintiffs would provide competent and loyal services to Defendants and, in exchange, Defendants would provide Plaintiffs with compensation including the prompt payment of their earned and owing commissions.

61.     During the course of their employment, and specifically between 2002 and the time they left the Company's employ, i.e., 2006 (for Korte) and 2007 (for Heimstaedt), almost every time they received a monthly compensation statement, which rarely (in Heimstaedt's case) or never (in Korte's case) reflected payment of the full commissions owed them, Plaintiffs separately approached the Individual Defendants at the Company's offices to complain. On all such occasions, the Individual Defendants acknowledged to Plaintiffs that the Company still owed them commissions and they repeatedly represented to Plaintiffs that "we'll get it straightened out" and not to worry, that they would pay Plaintiffs what was due.

62.     Plaintiffs reasonably relied on the Individual Defendants' misrepresentations that they would "straighten out" the non-payment issue and make payment of what was owed them by continuing to work in good faith for the Defendants while continuing to accrue additional commissions that went unpaid in full.

63.     The Individual Defendants sought to benefit personally from the Plaintiffs' successes as salesmen by misrepresenting their intentions to pay Plaintiffs in full in order to induce their continued employment with Defendants and take advantage of their sales.

64.     The Individual Defendants knew and intended that Plaintiffs would rely on their representations by continuing their employment with the Company.

14

65.    As the years progressed, Plaintiffs began to suspect that they might never be paid what was owed to them, despite the Individual Defendants' representations and assurances to the contrary, and eventually left the Company's employment.

66.    But for Defendants' repeated misrepresentations over many years, Plaintiffs would have left Prem.Air's employment much sooner than they did to pursue other more lucrative opportunities.

67.    As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have and will continue to be substantially damaged.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutsos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

     A.    Compensatory and consequential damages;

     B.    Punitive damages;

     C.    Attorneys' fees;

     D.    Interest;

     E.    Costs of suit; and

     F.    Such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT VI

### (Quantum Meruit)

68.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the Second Amended Complaint as if fully set forth at length herein.

15

69.    Plaintiffs performed their services to Defendants in good faith and Defendants accepted those services.

70.    At all relevant times, Plaintiffs performed their sales and project management services with the expectation that they would be justly and fairly compensated for such services.

71.    Defendants have failed and refused to fairly and fully compensate Plaintiffs for their services.

72.    Accordingly, Defendants should compensate Plaintiffs for the reasonable value of the services Plaintiffs rendered to Defendants.

73.    As a direct and proximate result of Defendants' wrongdoing, Plaintiffs have suffered and will continue to suffer substantial damages.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutsos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

      A.    Compensatory and consequential damages;

      B.    Punitive damages;

      C.    Attorneys' fees;

      D.    Interest;

      E.    Costs of suit; and

      F.    Such other and further relief as the Court deems just and equitable under the circumstances.

16

## COUNT VII

### (Unjust Enrichment)

74.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the Second Amended Complaint as if fully set forth at length herein.

75.     By Plaintiffs' provision of competent sales and services to Defendants, all of which inured directly to Defendants' substantial benefit, and Defendants' refusal to pay Plaintiffs' commissions, Defendants were unjustly enriched at Plaintiffs' expense.

76.     Equity and good conscience require that Plaintiffs recover the enrichment from Defendants.

WHEREFORE, Plaintiffs Donald Heimstaedt and Todd Korte, demand judgment against Defendants, Prem.Air New York, LLC, Prem.Air Group of New York, LLC, Prem.Air Group, LLC, McQuay New York, LLC, George Koutsos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

A.     Compensatory and consequential damages;

B.     Punitive damages;

C.     Attorneys' fees;

D.     Interest;

E.     Costs of suit; and

F.     Such other and further relief as the Court deems just and equitable under the circumstances.

17

## COUNT VIII

### (Piercing the Corporate Veil)

77.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs of the Second Amended Complaint as if fully set forth at length herein.

78.    Koutsos and Berkowitz exercised complete dominion and control over all of the Company's financial dealings, including, but not limited to, those involving Plaintiffs and their compensation and benefits.

79.    Upon information and belief, Koutsos and Berkowitz failed to maintain corporate formalities and commingled assets as between themselves and the various entities controlled by one or both of them, as well as among and between those entities controlled by one or both of them.

80.    Upon information and belief, Koutsos and Berkowitz used and transferred Company funds for their own personal use and for the use of entities controlled by one or both of them.

81.    By way of examples:

A.    Upon information and belief, the Individual Defendants used the Company credit cards to pay personal expenses on a monthly basis and Koutsos used Company funds to pay for his children's private schools;

B.    Upon information and belief, Koutsos regularly siphoned Company funds to a personal bank account in Greece, including, but not limited to, making a transfer of at least $400,000 of Company funds to his account in Greece in late 2006;

C.    Upon information and belief, Koutsos siphoned Company funds to pay for the construction of a hotel that he, or a company owned by him, owns in Greece;

18

D.    Upon information and belief, Koutsos owns, through another company, the Long Island City building in which the Company operates, and Koutsos siphoned Company funds to pay for the construction of that building; and

E.    Upon information and belief, within the past few years, the Company received $500,000 for a job that it did for Con Edison, which payment was deposited directly into Koutsos's personal bank account.

82.    The Individual Defendants although both trustees of the Plan, also failed and refused to remit monies earmarked by Plaintiffs for their 401(K) accounts to the Plans. To date, the Individual Defendants have not accounted for the whereabouts of these 401(K) monies. Upon information and belief, the Individual Defendants used the money that was directed to be deposited into Plaintiffs' 401(K) accounts for their own personal use.

83.    The Individual Defendants constantly represented to Plaintiffs that the Company did not have sufficient money to pay the commission due and owing to Plaintiffs in their attempts to justify their failure to pay Plaintiffs the compensation due them.

84.    Koutsos and Berkowitz used their domination and control over the Company and its affiliates to commit a wrong against Plaintiffs by, among other things, using funds for their personal benefit, which were to have been paid to and for the benefit of Plaintiffs.

85.    As a direct and proximate result of Koutsos and Berkowitz's wrongdoing, Plaintiffs have been and will continue to be substantially damaged.

86.    As a result of the foregoing, equity requires that Koutsos and Berkowitz be held personally liable for the Company's debts to Plaintiffs.

44630/0001-2601592v2

WHEREFORE, Plaintiffs, Donald Heimstaedt and Todd Korte, demand judgment against Defendants, George Koutsos and Eric Berkowitz, jointly, severally, and/or in the alternative, as follows:

A.  Compensatory and consequential damages;

B.  Punitive damages;

C.  Attorneys' fees;

D.  Interest;

E.  Costs of suit; and

F.  Such other and further relief as the Court deems just and equitable under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED:    New York, New York
          March 28, 2008

> COLE, SCHOTZ, MEISEL,
> FORMAN & LEONARD, P.A.
> A Professional Corporation
> Attorneys for Plaintiffs
>
>
> By _s/ Randi W. Kochman_
>     Randi W. Kochman
>     Adam J. Sklar
>     900 Third Avenue, 16th Floor
>     New York, NY 10022-4728
>     (212) 752-8000

20

EXHIBIT "2"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

------------------------------------------------------------------X

DONALD HEIMSTAEDT and TODD KORTE,

                      Plaintiffs,

    -against-

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401(k) PROFIT
SHARING PLAN,

                      Defendants.

------------------------------------------------------------------X

Civil Action No.: 07 CIV 9389 (JSR)

**REPLY AFFIDAVIT OF
GEORGE KOUTSOS**

STATE OF NEW YORK    )
                        )ss.:
COUNTY OF NEW YORK  )

    **GEORGE KOUTSOS**, being duly sworn, deposes and says that:

    1.     I am the managing member of defendant Prem.Air Group of New York LLC and defendant Prem.Air Group LLC, and I am also a defendant in this action in my individual capacity.

    2.     I submit this affidavit in further support of the motion pursuant to the Fed. Rules Civ. Proc. 12 (b)(6) and (9)(b) which seeks the following relief:

        (i)     Defendant Prem.Air Group LLC seeks dismissal of the Fourth Count of the First Amended Complaint sounding in breach of contract on the grounds that it was not a party to the oral contracts that are the subject to the Complaint since it was not legally formed until May 21, 2006, and that neither plaintiff was ever employed by this separate limited liability company;

(ii)    Defendants Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), Prem.Air Group LLC, George Koutsos and Eric Berkowitz seek dismissal of the Fifth Count of the First Amended Complaint sounding in Fraud and Misrepresentation for failure to satisfy the pleading requirements of Fed. R. Civ. P. 9(b);

(iii)    Defendant Prem.Air Group of New York LLC (f/k/a McQuay New York LLC), Prem.Air Group LLC, George Koutsos and Eric Berkowitz seek dismissal of the Sixth and Seventh Counts of the First Amended Complaint sounding in Quantum Meruit and Unjust Enrichment based upon the unavailability of this relief in an action based upon contract; and

(iv)    Defendants George Koutsos and Eric Berkowitz also seek dismissal of the Eighth Count of the First Amended Complaint seeking to Pierce the Corporate Veil for plaintiffs' failure to adequately plead the requisite elements of the same in their Complaint.

**Prem.Air Group LLC**

3.    Plaintiffs do not deny the fact that they were never employed by Prem.Air Group LLC, that they placed no orders through Prem.Air Group LLC, and that they received no payments or tax statements from Prem.Air Group LLC.

4.    Prem.Air Group LLC has had no sales or revenues, and its has not transacted any business. Importantly, the plaintiffs have not and can not allege otherwise.

**Prem.Air New York LLC**

5.    The entity known as Prem.Air New York LLC does not exist. Plaintiffs' repeated claims that such an entity exists exemplifies their willingness to make baseless statement in support of their claims.

6.     The plaintiffs have impermissibly submitted before this Court one letter dated April 2, 2007 as their sole justification to continue with their action against this non-existing entity.

7.     My use of Prem.Air New York LLC in the body of the one letter was a typographical error. The letter was properly executed by me as the President of Prem.Air Group of New York LLC, and Mr. Heimstaedt was thereby terminated from his employment with Prem.Air Group of New York LLC. The header of this letter, "Prem.Air New York," is merely the trade name used by Prem.Air Group of New York LLC.

8.     At all relevant times, Messers. Heimstaedt and Korte were employees of Prem.Air Group of New York LLC, and no other entity. I am attaching herewith as Exhibit 1 copies of the 2004/2005 W-2s of plaintiffs which were inadvertently omitted from the original electronically filed motion.

## The Corporate Veil Should Not Be Disregarded

9.     In their attempt to make a claim to disregard the corporate veil, the plaintiffs rely on wild unsubstantiated hearsay and false statements.

10.    An example of one such false statement is that a Con Edison payment was diverted to my personal account. Attached hereto as Exhibit 2 is a copy of the check and deposit ticket reflecting the deposit into the McQuay New York LLC account. As the Court will recall, Prem.Air Group of New York LLC was formerly known as McQuay New York LLC.

11.    All payments by Prem.Air Group of New York LLC were properly made. Prem. Air Group of New York LLC is a viable solvent company which is entering into new contracts in excess of five million dollars in the aggregate each month. It is paying its undisputed expenses in the regular course of business and there is no reason to believe that it could not pay any of its

obligation in the future.  Moreover, the plaintiffs have failed to cite any reason why Prem.Air

Group of New York LLC would or could not meet its obligations.

12.    For these reasons, the relief requested in the Notice of Motion dated February 21,

2008 should be granted in its entirety.

Dated:  New York, New York
       March  **12**, 2008



                        George Koutsos

State of: New York
County of:  Queens

I, Darla S. Babcock, notary public for the State of New
York, hereby certify that on the 12th day of March, in the
year 2008, in the aforesaid county, personally appeared
before me George J. Koutsos, who is personally known to
me to be the individual described in and who executed the
foregoing instrument, and he acknowledged to me that he
executed the said instrument for the purpose therein
mentioned.

IN WITNESS WHEREOF,  I have hereunto set my hand
(and affixed my official seal).

**DARLA S. BABCOCK**
**Notary Public of New York**
**No. 01BA5072077**
**Qualified in Queens County**
**Commission Expires Jan. 21, 20 11**

asdoc:c\prem.air-heimstadt-korte.reply affid(koutsos)

4

EXHIBIT "1"

| b Control number | | Void ☐ | OMB No. 1545-0008 4FZ | 300 | 000069 |
|---|---|---|---|---|---|
| 000069    4FZ | | | | | |

| | | |
|---|---|---|
| b Employer identification number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
| 11-3484710 | 92820.21 | 19441.35 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| MCQUAY NEW YORK LLC | 87900.00 | 5449.80 |
| 43-24 21 STREET | 5 Medicare wages and tips | 6 Medicare tax withheld |
| LONG ISLAND CITY NY 11101 | 94190.18 | 1365.76 |
| | 7 Social security tips | 8 Allocated tips |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |

| e Employee's first name and initial    Last name | 11 Nonqualified plans | 12a See instructions for box 12 |
|---|---|---|
| TODD MICHAEL    KORTE | | D    1369.97 |
| 400 E 55TH ST #7G | 13 Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☒ | 12b |
| NEW YORK NY 10022 | | |
| | 14 Other | 12c |
| | 31.20  NY SDI | 12d |

| f Employee's address and ZIP code | | | | | |
|---|---|---|---|---|---|
| 15 State  Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
| NY | 11-3484710 | 92820.21 | 5449.54 | 92820.21 | 3210.93 | NYC RES |

Form **W-2**  Wage and Tax Statement

2004

Copy D—For Employer.

Department of the Treasury—Internal Revenue Service

For Privacy Act and Paperwork Reduction Act Notice, see back of Copy D.

| a Control number -000069      -4FZ | | Void ☐ | OMB No. 1545-0008 -4FZ | 300      -000069 |

| | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| b Employer identification number (EIN)<br>11-3484710 | 127068.84 | 29896.21 |
| | 3 Social security wages | 4 Social security tax withheld |
| c Employer's name, address, and ZIP code | 90000.00 | 5580.00 |
| MCQUAY NEW YORK LLC | 5 Medicare wages and tips | 6 Medicare tax withheld |
| 43-24 21 STREET | 127068.84 | 1842.50 |
| LONG ISLAND CITY NY 11101 | 7 Social security tips | 8 Allocated tips |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |
| e Employee's first name and initial    Last name | 11 Nonqualified plans | 12a See instructions for box 12 |
| TODD MICHAEL      KORTE | | |
| 400 E 55TH ST #7G | 13 Statutory employee  Retirement plan  Third-party sick pay | 12b |
| NEW YORK NY 10022 | 14 Other | 12c |
| | 35.10  NY SDI | 12d |

| f Employee's address and ZIP code | | | | | |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | 11-3484710 | 127068.84 | 8155.63 | 127068.84 | 4645.14 | NYC RES |

Form **W-2** Wage and Tax Statement

**2005**

Copy D—For Employer.

Department of the Treasury—Internal Revenue Service
For Privacy Act and Paperwork Reduction
Act Notice, see back of Copy D.

| a Control number | 4FZ | Void ☐ | OMB No. 1545-0008 4FZ | 300 | 000063 |
|---|---|---|---|---|---|

000063

| b Employer identification number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 11-3484710 | 127300.97 | 25945.91 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| MCQUAY NEW YORK LLC | 87900.00 | 5449.80 |
| 43-24 21 STREET | 5 Medicare wages and tips | 6 Medicare tax withheld |
| LONG ISLAND CITY NY 11101 | 138550.97 | 2008.99 |
| | 7 Social security tips | 8 Allocated tips |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |

| e Employee's first name and initial    Last name | 11 Nonqualified plans | 12a See instructions for box 12 |
|---|---|---|
| DONALD S    HEIMSTAEDT | | D    11250.00 |
| 200 W 58TH ST #10D | 13 Statutory employee / Retirement plan [X] / Third-party sick pay | 12b |
| NEW YORK NY 10019 | | |
| | 14 Other | 12c |
| | 31.20  NY SDI | 12d |

| f Employee's address and ZIP code | | | | | |
|---|---|---|---|---|---|

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | 11-3484710 | 127300.97 | 7858.72 | 127300.97 | 4143.32 | NYC RES |

Form **W-2** Wage and Tax Statement    **2004**    Department of the Treasury—Internal Revenue Service

Copy D—For Employer.    For Privacy Act and Paperwork Reduction Act Notice, see back of Copy D.

| a Control number 000063    4FZ | | | Void ☐ | OMB No. 1545-0008 4FZ | 300 | 000063 |

| b Employer identification number (EIN) 11-3484710 | 1 Wages, tips, other compensation 233430.03 | 2 Federal income tax withheld 53185.25 |
|---|---|---|
| c Employer's name, address, and ZIP code MCQUAY NEW YORK LLC 43-24 21 STREET LONG ISLAND CITY NY 11101 | 3 Social security wages 90000.00 | 4 Social security tax withheld 5580.00 |
| | 5 Medicare wages and tips 244211.28 | 6 Medicare tax withheld 3541.06 |
| | 7 Social security tips | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's first name and initial      Last name DONALD S             HEIMSTAEDT 200 W 58TH ST #10D NEW YORK NY 10019 | 11 Nonqualified plans | 12a See instructions for box 12 D  10781.25 |
| | 13 Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☒ | 12b |
| | 14 Other | 12c |
| | 41.60  NY SDI | 12d |
| f Employee's address and ZIP code | | |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | 11-3484710 | 233430.03 | 15429.19 | 233430.03 | 7746.11 | NYC RES |

Form **W-2** Wage and Tax Statement

**2005**

Department of the Treasury—Internal Revenue Service
For Privacy Act and Paperwork Reduction
Act Notice, see back of Copy D.

Copy D—For Employer.

**Bank of America**

Receipt

All items are credited subject to verification, collection, and conditions of the Rules and Regulations of this Bank and as otherwise provided by law. Payments are accepted when credit is applied to outstanding balances and not upon issuance of this receipt. Transactions received after the Bank's posted cut-off time or Saturday, Sunday, and Bank Holidays, are dated and considered received as of the next business day.

Please retain this receipt until you receive your account statement.

Thank you for banking with Bank of America.
Try Online Banking at www.bankofamerica.com

```
Tran 00134   11/16/2006   14:01    HNY
R/T# 540040106  CC 0020642  Tlr 00007
        HOLDS APPLIED
Account      *********6626
Deposit                   $611,100.00
```

95-14-7008B-08-2004

---

DEPOSIT TICKET

DATE Nov 16, 2006

| | DOLLARS | CENTS |
|---|---|---|
| CURRENCY | | |
| COIN | | |
| CHECKS (LIST SEPARATELY) | 611100 | 00 |

OPENINGS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL.
EACH ITEM MUST BE PROPERLY ENDORSED.

ORDER NO. 0103277646G3-001  CUSTOMER NO. 0040529812004B

McQUAY NEW YORK, LLC
43-24 21ST STREET
LONG ISLAND CITY, NY 11101

FLEET
1-32/210

⑆5160⑆1350⑆ 9670 999 28⑆

$ 611100.00

PLEASE RE-ENTER TOTAL HERE

Checks and other items are received for deposit subject to the provisions of the Uniform Commercial Code or any applicable collection agreement.

| | TOTAL |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |
| 29 | |
| 30 | |
| 31 | |
| 32 | |
| TOTAL ITEMS | 611100 00 |

---

conEdison

4 IRVING PLACE
NEW YORK, NY 10003

REMITTANCE STATEMENT

PLEASE INDICATE CONSPICUOUSLY THIS
UNIQUE CODE ON FUTURE INVOICES

CHECK NUMBER
E 859891

| PAYEE CODE |
|---|
| MB291 |

| DATE PAID |
|---|
| 11 15 06 |

| TOTAL |
|---|
| 611,100.00 |

E 859891

| VOUCHER DATE NUMBER | INVOICE DATE | REFERENCE | AMOUNT OF INVOICE | DISCOUNT | TOTAL |
|---|---|---|---|---|---|
| 061104793 | 061030 | 12198 | 630,000.00 | 18,900.00 | 611,100.00 DP 000025 |
| | | | LESS SALES TAX-DIRECT PAY PERMIT | | |
| | | Fleet Bank | | | |
| | | Loans + Exchange | | | |
| TOTAL ▲ | | | 630,000.00 | 18,900.00 | 611,100.00 |

THE ENCLOSED CHECK IS TENDERED IN FULL PAYMENT OF ITEMS ENUMERATED ABOVE. IF INCORRECT, PLEASE RETURN TO CASH CONTROL

EXHIBIT "2"