UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| DONALD HEIMSTAEDT and TODD KORTE, | Case No.: 07CIV9389 |
| Plaintiffs, | **ANSWER OF PREM.AIR GROUP OF NEW YORK LLC TO SECOND AMENDED COMPLAINT** |
| -against- | |
| | (Rakoff, J) |
| PREM.AIR NEW YORK, LLC, PREM.AIR GROUP OF NEW YORK, LLC, PREM.AIR GROUP, LLC, MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS, ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT SHARING PLAN, and XYZ TRUSTEES OF THE MCQUAY NEW YORK, LLC 401 (K) PROFIT SHARING PLAN, | |
| Defendants. | |

-------------------------------------------------------------------X

Defendant, Prem.Air Group of New York, LLC f/k/a McQuay New York, LLC

("Prem.Air New York"), by its attorneys, Arthur J. Semetis, P.C., answers the Second Amended

Complaint (the "Second Amended Complaint"), upon information and belief, as follows:

### AS AND FOR A RESPONSE
### TO THE INTRODUCTION

1.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the Second Amended Complaint.

### AS AND FOR A RESPONSE
### TO JURISDICTION AND VENUE

2.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraphs 2 and 3 of the Second Amended Complaint.

### AS AND FOR A RESPONSE
### TO THE PARTIES

3.    Admits the truth of the allegations set forth in paragraphs 4 and 5 of the Second

Amended Complaint that Heimstaedt and Korte were employees of Prem.Air New York and

denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of paragraphs 4 and 5 of the Second Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 7, 9 and 12 of the Second Amended Complaint.

5.      Admits the truth of the allegations set forth in paragraph 6 of the Second Amended Complaint.

6.      Admits the truth of the allegations set forth in paragraph 8 of the Second Amended Complaint that McQuay New York, LLC is now known as Prem.Air Group of New York, LLC, is a New York limited liability company, and maintains its place of business at 43-24 21st Street, Long Island City, New York 11101, except denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 8 of the Second Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Second Amended Complaint, except admits that Koutsos is a member of Prem.Air Group of New York.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Second Amended Complaint, except admits that Berkowitz was a member of Prem.Air New York.

**AS AND FOR A RESPONSE TO THE
FACTS COMMON TO ALL COUNTS**

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, 14, 15, 16, 17, 20, 21 and 26 of the Second Amended Complaint.

10.    Denies the truth of the allegations set forth in paragraphs 18, 19, 22, 23, 24, 25, 27, 28, 29, 30, 31 and 32 of the Second Amended Complaint.

## AS AND FOR A RESPONSE
## COUNT I

11.    In response to paragraph 33 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 32 of the Second Amended Complaint as if fully set forth herein.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 34, 35, 36 and 37 of the Second Amended Complaint.

13.    Denies the truth of the allegations as to defendant Prem.Air New York set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Second Amended Complaint.

## AS AND FOR A RESPONSE
## TO COUNT II

14.    In response to paragraph 44 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 43 of the Second Amended Complaint as if fully set forth herein.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Second Amended Complaint.

16.    Denies the truth of the allegations as to defendant Prem.Air New York set forth in paragraphs 46, 47 and 48 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 46, 47 and 48 of the Second Amended Complaint.

**AS AND FOR A RESPONSE**
**TO COUNT III**

17.    In response to paragraph 49 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 48 of the Second Amended Complaint as if fully set forth herein.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 and 51 of the Second Amended Complaint.

19.    Denies the truth of the allegations as to defendant Prem.Air New York set forth in paragraphs 52, 53 and 54 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 52, 53 and 54 of the Second Amended Complaint.

**AS AND FOR A RESPONSE**
**TO COUNT IV**

20.    In response to paragraph 55 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 54 of the Second Amended Complaint as if fully set forth herein.

21.    Denies the truth of the allegations as to defendant Prem.Air New York set forth in paragraphs 56, 57 and 58 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 56, 57 and 58 of the Second Amended Complaint.

**AS AND FOR A RESPONSE**
**TO COUNT V**

22.    In response to paragraph 59 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 58 of the Second Amended Complaint as if fully set forth herein.

23.     In response to paragraphs 60 through 67, Prem.Air New York states that pursuant to the Court's Decision and Order dated April 29, 2008, Count V to this Complaint has been dismissed.

**AS AND FOR A RESPONSE
TO COUNT VI**

24.     In response to paragraph 68 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 67 of the Second Amended Complaint as if fully set forth herein.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 69 and 70 of the Second Amended Complaint.

26.     Denies the truth of the allegations as to defendants Prem.Air New York set forth in paragraphs 71, 72 and 73 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 71, 72 and 73 of the Second Amended Complaint.

**AS AND FOR A RESPONSE
TO COUNT VII**

27.     In response to paragraph 74 of the Second Amended Complaint, Prem.Air New York repeats, reiterates and re-alleges its responses to paragraphs 1 through 73 of the Second Amended Complaint as if fully set forth herein.

28.     Denies the truth of the allegations as to defendant Prem.Air New York set forth in paragraphs 75 and 76 of the Second Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 75 and 76 of the Second Amended Complaint.

## AS AND FOR A RESPONSE
## TO COUNT VIII

29.    In response to paragraph 77 of the Second Amended Complaint, Prem.Air New York

repeats, reiterates and re-alleges its responses to paragraphs 1 through 76 of the Second

Amended Complaint as if fully set forth herein.

30.    Denies truth of the allegations set forth in paragraphs 78 through 81 of the Second

Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.    The Second Amended Complaint fails to state a cause of action upon which relief can

be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.    Plaintiffs' claims are barred by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33.    Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims for unjust enrichment are barred due to the existence of an at-

will contract of employment between plaintiffs and defendant Prem.Air Group of New York

LLC, f/k/a McQuay New York, LLC.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35.    Plaintiffs' claims for quantum meruit are barred due to the existence of an at-will

contract of employment between plaintiffs and defendant Prem.Air New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' claims are barred to the extent that they seek the payment of commissions

on product installation contracts.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37.    Plaintiffs' commissions were reduced due to their separation from their employment prior to the completion of their services on the accounts for which they seek payment.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiffs' claims are barred due to their failure to properly charge expenses to their commission accounts, thereby wrongfully inflating the commissions claimed to be due them.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

39.    Plaintiffs' claims are barred due to their failure to provide Prem.Air New York with a timely accounting of their accounts.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40.    Plaintiffs' claims are barred due to their failure to provide Prem.Air New York with their project files.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

41.    All payments pursuant to ERISA were made.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42.    Plaintiffs' claims must be reduced due to back-charges and/or other proper deductions to the plaintiffs' claims.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

43.    Plaintiffs' claims must be reduced due to processing costs, non-payment by customers, and late payment by customers.

WHEREFORE, Prem.Air Group of New York, LLC f/k/a McQuay New York, LLC, respectfully demands judgment against Plaintiffs as follows:

a)    Dismissing Plaintiffs' Second Amended Complaint in its entirety; and

b)    Awarding attorney's fees, costs and disbursements and interest.

Dated:  New York, New York
      June 2, 2008

                   Arthur J. Semetis, P.C.

                          /s/

                   By:_____

                     Arthur J. Semetis. (AJS-8477)
                   Attorneys for *Prem.Air Group of New York, LLC*
                   *f/k/a McQuay New York, LLC*
                   286 Madison Avenue, 14th Floor
                   New York, New York  10017
                   (212) 557-5055

<u>CERTIFICATE OF SERVICE</u>

       **CONSTANTINE T. TZIFAS**, an attorney duly admitted to practice before United States District Court of the Southern District of New York affirms under the penalties of perjury:

       On June 2, 2008, deponent served the within "ANSWER TO SECOND AMENDED COMPLAINT" upon:

> Cole, Schotz, Meisel, Forman & Leonard, P.A.
> 900 Third Avenue, 16th Floor
> New York, New York 10022

by delivering true copies, via first class mail under the exclusive custody and control of the U.S. Postal Service, of same to the above addresses.

Dated:  June 3, 2008

/s/

_____
Constantine T. Tzifas