UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONALD HEIMSTAEDT and TODD KORTE,                    Case No.: 07CIV9389

                Plaintiffs,                                    **ANSWER OF XYZ TRUSTEES OF THE MCQUAY NEW YORK LLC 401 (K) PROFIT SHARING PLAN**

                -against-

PREM.AIR NEW YORK, LLC, PREM.AIR GROUP
OF NEW YORK, LLC, PREM.AIR GROUP, LLC,
MCQUAY NEW YORK, LLC, GEORGE KOUTSSOS,
ERIC BERKOWITZ, MCQUAY NEW YORK PROFIT
SHARING PLAN, and XYZ TRUSTEES OF THE
MCQUAY NEW YORK, LLC 401 (K) PROFIT
SHARING PLAN,

                Defendants.
------------------------------------------------------------------X

      Defendant, XYZ Trustees of the McQuay New York, LLC 401 (K) Profit Sharing Plan ("XYZ Trustees"), by its attorneys, Arthur J. Semetis, P.C., answers the Second Amended Complaint (the "Second Amended Complaint"), upon information and belief, as follows:

**AS AND FOR A RESPONSE
TO THE INTRODUCTION**

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Second Amended Complaint.

**AS AND FOR A RESPONSE
TO JURISDICTION AND VENUE**

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 2 and 3 of the Second Amended Complaint.

**AS AND FOR A RESPONSE
TO THE PARTIES**

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4, 5, 6, 7, 8, 9, 10, 11 and 12 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO THE
## FACTS COMMON TO ALL COUNTS

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 of the Second Amended Complaint.

## AS AND FOR A RESPONSE
## COUNT I

5.      In response to paragraph 33 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 32 of the Second Amended Complaint as if fully set forth herein.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 34, 35, 36 and 37 of the Second Amended Complaint.

7.      Denies the truth of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Second Amended Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 38, 39, 40, 41, 42 and 43 of the Second Amended Complaint.

## AS AND FOR A RESPONSE
## TO COUNT II

8.      In response to paragraph 44 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 43 of the Second Amended Complaint as if fully set forth herein.

9.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Second Amended Complaint.

10.     Denies the truth of the allegations set forth in paragraphs 46, 47 and 48 of the Second Amended Complaint as to defendant XYZ Trustees and denies knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 46, 47 and 48 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT III

11.    In response to paragraph 49 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 48 of the Second Amended Complaint as if fully set forth herein.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 50 and 51 of the Second Amended Complaint.

13.    Denies the truth of the allegations set forth in paragraphs 52, 53 and 54 of the Second Amended Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 52, 53 and 54 of the Second Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT IV

14.    In response to paragraph 55 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 54 of the Second Amended Complaint as if fully set forth herein.

15.    Denies the truth of the allegations set forth in paragraphs 56, 57 and 58 of the Second Amended Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 56, 57 and 58 of the Second Amended Complaint.

**AS AND FOR A RESPONSE
TO THE COUNT V**

16.     In response to paragraph 59 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 58 of the Second Amended Complaint as if fully set forth herein.

17.     In response to paragraphs 60 through 67, XYZ Trustees states that pursuant to the Court's Decision and Order dated April 29, 2008, Count V to this Complaint has been dismissed.

**AS AND FOR A RESPONSE
TO THE COUNT VI**

18.     In response to paragraph 68 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 67 of the Second Amended Complaint as if fully set forth herein.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 69 and 70 of the Second Amended Complaint.

20.     Denies the truth of the allegations set forth in paragraphs 71, 72 and 73 of the Second Amended Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 71, 72 and 73 of the Second Amended Complaint

**AS AND FOR A RESPONSE
TO THE COUNT VII**

21.     In response to paragraph 74 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 73 of the Second Amended Complaint as if fully set forth herein.

22. Denies the truth of the allegations set forth in paragraphs 75 and 76 of the Second Amended Complaint as to defendant XYZ Trustees and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraphs 75 and 76 of the Second Amended Complaint.

### AS AND FOR A RESPONSE TO THE COUNT VIII

23. In response to paragraph 77 of the Second Amended Complaint, XYZ Trustees repeats, reiterates and re-alleges its responses to paragraphs 1 through 76 of the Second Amended Complaint as if fully set forth herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 78 through 81 of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. The Second Amended Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27. Plaintiffs were not employed by defendant George Koutsos.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. Plaintiffs' claims for unjust enrichment are barred due to the existence of an at-will contract of employment between plaintiffs and defendant Prem.Air Group of New York LLC, f/k/a McQuay New York, LLC.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

29.     Plaintiffs' claims for fraud and misrepresentation are barred due to the existence of an at-will contract of employment between plaintiffs and defendant Prem.Air Group of New York LLC, f/k/a McQuay New York, LLC.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

30.     Plaintiffs' claims for quantum meruit are barred due to the existence of an at-will contract of employment between plaintiffs and defendant Prem.Air Group of New York LLC, f/k/a McQuay New York, LLC.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

31.     Plaintiffs' claims are barred to the extent that they seek the payment of commissions on product installation contracts.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

32.     Plaintiffs' commissions were reduced due to their separation from their employment prior to the completion of their services on the accounts for which they seek payment.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

33.     Plaintiffs' claims are barred due to their failure to properly charge expenses to their commission accounts, thereby wrongfully inflating the commissions claimed to be due them.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

34.     Plaintiffs' claims are barred due to their failure to provide Prem.Air Group of New York, LLC f/k/a McQuay New York, LLC with a timely accounting of their accounts.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

35.     Plaintiffs' claims are barred due to their failure to provide Prem.Air Group of New York, LLC f/k/a McQuay New York, LLC with their project files.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

36. All payments pursuant to ERISA were made.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

37. Plaintiffs failed to plead fraud and misrepresentation with the specificity required by law.

**WHEREFORE**, XYZ Trustees of the McQuay New York, LLC 401 (K) Profit Sharing Plan respectfully demands judgment against Plaintiffs as follows:

a) Dismissing Plaintiffs' Second Amended Complaint in its entirety; and

b) Awarding attorney's fees, costs and disbursements and interest.

Dated: New York, New York
June 2, 2008

Arthur J. Semetis, P.C.

/s/
By:_____
  Arthur J. Semetis. (AJS-8477)
Attorneys for *XYZ Trustees of the McQuay New York, LLC 401 (K) Profit Sharing Plan*
286 Madison Avenue, 14th Floor
New York, New York  10017
(212) 557-5055

CERTIFICATE OF SERVICE

**CONSTANTINE T. TZIFAS**, an attorney duly admitted to practice before United States District Court of the Southern District of New York affirms under the penalties of perjury:

On June 3, 2008, deponent served the within "ANSWER TO SECOND AMENDED COMPLAINT" upon:

Cole, Schotz, Meisel, Forman & Leonard, P.A.
900 Third Avenue, 16th Floor
New York, New York 10022

by delivering true copies, via first class mail under the exclusive custody and control of the U.S. Postal Service, of same to the above addresses.

Dated: June 3, 2008

/s/
_____
Constantine T. Tzifas